GIBSON, DUNN & CRUTCHER LLP
Debra Wong Yang SBN 123289
  DWongYang@gibsondunn.com
Bradley J. Hamburger SBN 266916
  BHamburger@gibsondunn.com
Summer A. Wall SBN 331303
  SWall@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213.229.7472

Kristin A. Linsley SBN 154148
  KLinsley@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8395

*Attorneys for Defendant*
SONY MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE p/k/a Channii Monroe,<br><br>Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; CONTRA PARIS, LLC; and SONY MUSIC ENTERTAINMENT,<br><br>Defendants. | CASE NO. 2:24-CV-04639-SPG-PVG<br><br>**DEFENDANT SONY MUSIC ENTERTAINMENT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>**Hearing**:<br>Date: January 29, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>Judge: Hon. Sherrilyn Peace Garnett |

**TO THE HONORABLE SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 29, 2025, at 1:30 PM, or as soon thereafter as may be heard by the Court, before the Honorable Sherilyn Peace Garnett, United States District Judge, in Courtroom 5C of the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant Sony Music Entertainment ("SME") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' First Amended Complaint, Dkt. 32. This Court should dismiss Plaintiff's First Amended Complaint against Sony Music with prejudice because Plaintiff fails to state a claim upon which relief can be granted that is plausible on its face.

To establish both an entitlement to sue and beneficiary liability under the civil federal sex trafficking statute, 18 U.S.C. § 1595, Plaintiff must first plausibly allege a criminal sex trafficking violation under 18 U.S.C. § 1591(a)(1). *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 775-76 (C.D. Cal. 2024). Plaintiff fails to do so because she does not plausibly allege that Terius Gesteelde-Diamant, professionally known as The-Dream ("Dream") caused her to engage in a commercial sex act or had the requisite scienter at the time he allegedly enticed or recruited Plaintiff. *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).

Plaintiff's amended complaint also fails to allege facts sufficient to establish the other elements of a claim against SME under Section 1595. To survive a motion to dismiss, Plaintiff must establish that SME: (1) knowingly benefitted, (2) from participation in a venture, (3) that it knew or should have known violated section 1591. *Ratha v. Phattana Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022). Plaintiff fails to allege adequate facts to support any of these required elements. She does not allege facts showing the SME had actual or constructive knowledge that Plaintiff was caused to engage in commercial sex—as opposed to abusive and harassing conduct, which is not

1

DEFENDANT SONY MUSIC ENTERTAINMENT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-04639-SPG-PVG

actionable under the statute—through force, fraud, or coercion. Plaintiff also fails to adequately allege that SME participated in a venture with Dream by means of a direct or continuous business relationship. Finally, Plaintiff does not allege facts showing that SME knowingly benefitted, either through financial or other tangible gain, from its professional relationship with Dream or Plaintiff. This Motion is based on this Notice of Motion and Motion to Dismiss; the accompanying Memorandum of Points and Authorities; all pleadings, records, and files in this action; all matters of which judicial notice may or shall be taken; and any other oral or written evidence or argument that the Court may consider.

This Motion is made following conference between counsel for Plaintiffs and Defendants, pursuant to Central District Local Rule 7-3, which took place on November 11, 2024. The parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference. During this conference, Plaintiff's counsel confirmed that Plaintiff does not assert that SME violated section 1591(a)(2).

Dated: November 18, 2024                GIBSON, DUNN & CRUTCHER LLP

By: */s/* Kristin A. Linsley
Kristin A. Linsley

Attorney for Defendant
Sony Music Entertainment