GIBSON, DUNN & CRUTCHER LLP
Debra Wong Yang SBN 123289
  DWongYang@gibsondunn.com
Bradley J. Hamburger SBN 266916
  BHamburger@gibsondunn.com
Summer A. Wall SBN 331303
  SWall@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213.229.7472

Kristin A. Linsley SBN 154148
  KLinsley@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8395

*Attorneys for Defendant*
SONY MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE p/k/a Channii Monroe,<br><br>Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; CONTRA PARIS, LLC; and SONY MUSIC ENTERTAINMENT,<br><br>Defendants. | CASE NO. 2:24-CV-04639-SPG-PVC<br><br>**DEFENDANT SONY MUSIC ENTERTAINMENT'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**Hearing**:<br>Date: September 10, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>Judge: Hon. Sherrilyn Peace Garnett |

**TO THE HONORABLE SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 10, 2025, at 1:30 PM, or as soon thereafter as may be heard by the Court, before the Honorable Sherilyn Peace Garnett, United States District Judge, in Courtroom 5C of the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant Sony Music Entertainment ("SME") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Second Amended Complaint, Dkt. 59. This Court should dismiss the complaint against SME with prejudice because Plaintiff fails to state a claim upon which relief can be granted that is plausible on its face.

The Second Amended Complaint again fails to allege facts sufficient to establish the elements of a claim under 18 U.S.C. § 1595, the federal civil sex trafficking statute, against SME. To survive a motion to dismiss, Plaintiff must establish that SME: (1) knowingly benefitted, (2) from participation in a venture, (3) that it knew or should have known violated section 1591. *Ratha v. Phattana Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022). Plaintiff continues to fail to allege adequate facts to support any of these required elements. She does not allege facts showing the SME had actual or constructive knowledge that Plaintiff was caused to engage in commercial sex through force, fraud, or coercion. There are no facts suggesting that SME had constructive knowledge that Plaintiff even engaged in a commercial sex act, much less that SME knew or should have known that defendant Terius Gesteelde-Diamant, professionally known as The-Dream ("Dream"), caused her to engage in a commercial sex act through force, fraud, or coercion in violation of 18 U.S.C. § 1591, the federal criminal sex trafficking statute. *See* 18 U.S.C. § 1595. And, as this Court has previously held, alleged knowledge of other crimes is insufficient to establish a sex trafficking claim. Dkt. 58 at 16. Plaintiff also still fails to allege that SME participated in a venture with Dream or his recording label, defendant Contra Paris, LLC, by means of a direct or continuous business relationship. Finally, Plaintiff again does not allege facts showing that SME knowingly benefitted from its professional relationship with Dream or

1

DEFENDANT SONY MUSIC ENTERTAINMENT'S NOTICE OF MOTION AND MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT
CASE NO. 2:24-CV-04639-SPG-PVC

1  Plaintiff.  Given Plaintiff's failure to resolve the deficiencies in her complaint, further
2  amendment is futile.  Her claim against SME should be dismissed with prejudice.

3  Although the Court need not reach SME's second argument to grant SME's motion
4  to dismiss, Plaintiff's claim independently fails because she does not plausibly allege that
5  Dream violated the federal criminal sex trafficking statute, 18 U.S.C. § 1591.  To establish
6  both an entitlement to sue and beneficiary liability under 18 U.S.C. § 1595, Plaintiff must
7  plausibly allege Dream's violation under 18 U.S.C. § 1591(a)(1).  *Acevedo v. eXp Realty,*
8  *LLC*, 713 F. Supp. 3d 740, 775-76 (C.D. Cal. 2024).  Plaintiff fails to allege a section 1591
9  violation because there are no allegations that Dream caused her to engage in a commercial
10 sex act or had the requisite scienter at the time he allegedly enticed or recruited Plaintiff.
11 *See U.S. v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).

12 This Motion is based on this Notice of Motion and Motion to Dismiss; the accom-
13 panying Memorandum of Points and Authorities; the Declaration of Kristin A. Linsley in
14 support of SME's Motion to Dismiss the Second Amended Complaint; all pleadings, rec-
15 ords, and files in this action; all matters of which judicial notice may or shall be taken; and
16 any other oral or written evidence or argument that the Court may consider.

17 This Motion is made following conference between counsel for Plaintiffs and De-
18 fendants that took place on June 17, 2025 in compliance with Local Rule 7-3.  The parties
19 thoroughly discussed the substance and potential resolution of the filed motion by vide-
20 oconference.  During this conference, Plaintiff's counsel confirmed again that Plaintiff
21 does not assert that SME violated section 1591(a)(2).

22 Dated:  June 25, 2025                    GIBSON, DUNN & CRUTCHER LLP

24                                          By: */s/* Kristin A. Linsley
25                                               Kristin A. Linsley

26                                          Attorney for Defendant
                                            Sony Music Entertainment