

227 W. MONROE STREET   SUITE 1900   CHICAGO, IL 60606
T 312.820.3400   F 312.820.3401   www.Venable.com

February 12, 2026

t 312.820.3436
DMoore@Venable.com

<u>**VIA ECF**</u>

Honorable Pedro V. Castillo
United States Courthouse
Edward R. Roybal Federal Building
Los Angeles, California
Courtroom 590, 5th Floor

      Re:    Defendant Terius Gesteelde-Diamant's Opposition to Plaintiff's Supplemental Briefing Pursuant to Order of Judge Pedro V. Castillo, ECF 95, Case No. 2:24-cv-04639 (SPG) (PVC)

Dear Honorable Judge Castillo:

      We write in response to the supplemental briefing submitted by Plaintiff Chanaaz Mangroe ("Plaintiff") regarding her request to preclude Defendant Terius Gesteelde-Diamant from being present at her deposition "for her own mental health and safety," as stated in Plaintiff's position statement to Your Honor on February 11, 2026. As explained more fully below, Plaintiff's request should be denied because: (I) Defendant has agreed to accept in full the compromise proposed by Plaintiff and suggested by the Court: Defendant will pay for a security guard to attend the deposition; (II) Plaintiff has not submitted the type of specific proof of extraordinary circumstances that would justify excluding Defendant from her deposition; and (III) Defendant would be harmed if he is denied his due process right to attend Plaintiff's deposition.

**I.    Mr. Gesteelde-Diamant Accepted the Compromise of Paying for a Security Guard at the Deposition**

      As suggested by Your Honor, our client considered the proposed compromise that a security guard be present in the Venable offices during Plaintiff's deposition next week and that the parties split the cost. Following the parties' telephonic conference with Your Honor, Mr. Gesteelde-Diamant offered to accept this compromise in the interest of avoiding further use of judicial resources and ensuring the deposition proceeds without interruption, despite his humiliation at the idea and the troubling implications of casting a Black man as a threat in a controlled, professional legal setting.

      Notwithstanding the fact that counsel for Plaintiff represented to Your Honor that the presence of a security officer would address Plaintiff's concerns, Plaintiff refused this compromise. Mr. Gesteelde-Diamant then offered to advance the entire cost of the security guard,



February 12, 2026
Page 2

as Plaintiff had previously argued that cost was the barrier to this agreed solution. Plaintiff refused again, not because any professional had opined that this solution would be inadequate, but because Plaintiff herself assessed that her concerns would only be addressed if Plaintiff were physically excluded. *See* February 11, 2026 email correspondence from counsel for Plaintiff, M. Firetog, to counsel for Mr. Gesteelde-Diamant, A. Moore, attached hereto as **Exhibit A** (stating the compromise of a security guard "did not adequately address [Plaintiff's] concern about the physical proximity to [Mr. Gesteelde-Diamant] and the impact that proximity would have on her mental health"). In other words, Plaintiff refused the proposed compromise, which was originally suggested by Plaintiff's own counsel, due to her own assessment as to what would make her most comfortable.

Plaintiff's newly voiced beliefs that she cannot be present in the room with Mr. Gesteelde-Diamant ring particularly hollow considering Plaintiff's own communications with him. Long after the last purported sexual encounter between the parties in August 2015, Plaintiff continued to reach out to Defendant expressing affection and willingness to meet:

- **November 3, 2015**: REDACTED
  ███████████████████████████████████████

- **February 12, 2016:** REDACTED
  ███████████████████████████████████████

- **April 27, 2016**: REDACTED
  ███████████████████████████████████████

- **May 11, 2016**: REDACTED
  ███████████████████████████████████████

- **July 15, 2016**: REDACTED
  ███████████████████████████████████████

- **February 16, 2017**: REDACTED
  ███████████████████████████████████████

The February 2017 communication was the last from Plaintiff to Defendant. It is understandable, then, that Mr. Gesteelde-Diamant is not only highly confused and deeply distressed at the lawsuit



February 12, 2026
Page 3

itself, but further surprised and distressed at the newly crafted suggestion that he should not be legally permitted to be in the same room as Plaintiff in a controlled legal environment—and even with security present.

Plaintiff has offered no reliable support—by a treating physician or otherwise—for why a security guard in the room is not the most appropriate and practical solution given that Plaintiff will be in the very same circumstance at trial in a case she initiated. Indeed, Plaintiff does not provide any evidence at all showing how the circumstances of the proposed compromise, where Mr. Gesteelde-Diamant is present with a security guard, would uniquely cause any more harm than trial proceedings. Absent this, Plaintiff's position is not "compelling or exceptional." *See Sincavage v. Schott N. Am.*, No. 3:18-CV-01231, 2019 WL 6280314, at *2 (M.D. Pa. May 30, 2019) ("The circumstances [the plaintiff] raises are not compelling or exceptional if they are the same exact circumstances she will be confronting at trial."); *Doe v. Schuylkill Cnty. Courthouse*, No. 3:21-CV-477, 2022 WL 1110319, at *3 (M.D. Pa. Apr. 13, 2022) ("Accordingly, when there is 'no evidence that the particular characteristics of a deposition would uniquely cause any more harm than trial proceedings,' courts have declined to enter such exclusion orders.").

## II.    Plaintiff Has Not Provided Evidence of Extraordinary Circumstances

Plaintiff desires what is essentially a personal convenience that neither the law nor the facts support. Although Plaintiff brings *claims* of sexual assault and trafficking, to date these are merely claims, and Plaintiff is not relieved of the burden of showing by a ***specific demonstration of fact*** that extraordinary circumstances exist to warrant an exclusion order. *Sincavage*, 2019 WL 6280314, at *1 (cleaned up) (where a party seeks a protective order excluding the other party from attending a deposition, "the burden is placed on the party requesting the protective order to show why it is required, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Collins v. City & Cnty. of San Francisco*, No. 13-CV-03456-MEJ, 2014 WL 7665248, at *3 (N.D. Cal. Oct. 30, 2014) (finding no "specific demonstration of fact sufficient to warrant a protective order precluding Plaintiffs from attending each other's depositions"); *see also Valentine v. Nielsen*, No. 16CV2357-W(KSC), 2018 WL 1281797, at *7 (S.D. Cal. Mar. 9, 2018) ("[S]ince 'a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection,' a party may only be excluded from a deposition under 'extraordinary circumstances.'") (citing *Hines v. Wilkinson*, 163 F.R.D. 262, 266 (S.D. Ohio 1995)); *Linlor v. Chase BankCard Servs., Inc.*, No. 17CV5-WQH(KSC), 2018 WL 2182298, at *3 (S.D. Cal. May 9, 2018) (same).

"[D]istrict courts have rejected requests to exclude parties from depositions" where, as here, deponents only allege that they would "feel uncomfortable in the presence of those parties or the threats were remote in time." *Esebag v. Whaley*, No. CV 18-08446 R (RAO), 2019 WL 8013118, at *4 (C.D. Cal. Sept. 9, 2019). Further, "stereotyped and conclusory statements" like



February 12, 2026
Page 4

the ones made by Plaintiff are not enough to establish "good cause" for a protective order
precluding a party from a deposition under Rule 26(c)(1). *See Valentine*, 2018 WL 1281797, at *7
(finding a party may not be excluded from attending depositions merely "because his presence
***may*** cause other parties to feel uncomfortable") (emphasis added).

In her supplemental briefing, Plaintiff only reiterates the allegations in the complaint and
other stereotyped and conclusory statements, and has not provided any evidence of threatening,
violent, or abusive behavior by Mr. Gesteelde-Diamant. To be sure, Plaintiff has accused Mr.
Gesteelde-Diamant of egregious acts, but to date, ***every witness under oath in this case***, including
individuals who Plaintiff specifically identified as having personally witnessed the alleged acts,
has unequivocally denied that the alleged conduct ever occurred.[1] Plaintiff is the last witness to
her story. On her own word alone, she is requesting that the Court grant the exceptional relief of
precluding Mr. Gesteelde-Diamant, who maintains that he has been falsely accused, of his right to
meaningfully participate in his pre-trial and trial process. In these circumstances, such an exclusion
would be violative of Mr. Gesteelde-Diamant's due process rights. *See Hines v. Wilkinson*, 163
F.R.D. 262, 265–66 (S.D. Ohio 1995) ("The involuntary exclusion of a party from trial is only
justified under particularized circumstances that comport with due process. Courts have considered
depositions to be part of the trial.") (internal citations omitted).

As stated during the parties' telephonic meet and confer with Your Honor, Plaintiff has not
provided any reliable, admissible evidence to date from a treating physician that she currently
suffers from a medical diagnosis of PTSD or any other illness, disorder, or condition, or that she
would suffer significant harm from the Defendant's presence at her deposition. Plaintiff's
supplemental briefing does not cure these shortcomings. In the supplemental briefing, Plaintiff
relies on (1) a Dutch letter *created yesterday* by a former therapist and translated by Plaintiff
herself and (2) a Dutch record with corresponding affirmation from Plaintiff purporting to narrate
the contents of the Dutch record.

As an initial matter, Plaintiff's translations are unreliable and improper. Even taking the
unreliable and improper translations at face value, however, for the reasons below, neither one of
these documents presents extraordinary circumstances of the kind contemplated or accepted by the
case law. At bottom, then, Plaintiff relies solely on her own allegations, which cannot suffice.

---

[1] Plaintiff suggests that because Mr. Gesteelde-Diamant did not attend the remote depositions of certain fact
witnesses in this case, then he need not be present at her deposition. Those witnesses were not adverse to Mr.
Gesteelde-Diamant and did not involve a recitation of Plaintiff's heinous allegations against Mr. Gesteelde-Diamant
(to the contrary, they refuted those allegations). Plaintiff's testimony will presumably reiterate the shocking claims
in her complaint and require Mr. Gesteelde-Diamant to be fully engaged as discussed herein.

**VENABLE** LLP

February 12, 2026
Page 5

### *(1) Plaintiff's Exhibit A – Dutch Letter from Former Therapist, Ms. Elsbeth Kuipers*



Mr. Gesteelde-Diamant has no way of assessing the contents of Exhibit A because it is written in Dutch. Plaintiff is not an interpreter nor a certified translator, nor has she attested to being either. What is more, Plaintiff is the adverse party. Her translation of her own self-serving documentation is unreliable and cannot be credited with any accuracy. Plaintiff has also "not submitted any authority for the proposition that translations prepared using an app, or by other interested persons who are not certified translators, may be considered by the Court." *Maslic v. ISM Vuzem d.o.o.*, No. 21-CV-02556-BLF, 2024 WL 3408217, at *7 (N.D. Cal. July 11, 2024).

Plaintiff has not authenticated Exhibit A as she has not provided a translation certified as true and accurate. Despite having several months to prepare certified translations of documents, Plaintiff now wishes to leverage for her benefit in this discovery process a document that would not even be admissible at trial. Indeed, district courts in the Ninth Circuit routinely exclude from evidence documents in other languages submitted without certified translations (and also reject automated translations without sufficient certification of accuracy). *See, e.g., Tex-V. Co., Ltd v. Shein US Servs., LLC*, No. CV 23-5151-AB(EX), 2024 WL 4868331, at *1 (C.D. Cal. Sept. 19, 2024) (foreign language documents inadmissible); *Maslic*, 2024 WL 3408217, at *7 (translations of foreign language documents inadmissible unless done by certified translators and rejecting translations produced in part by the Google Translate app); *The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08-1339, 2010 WL 4590766, at *16 (C.D. Cal. Oct. 8, 2010), *report and recommendation adopted*, No. SACV 08-1339, 2010 WL 4589156 (C.D. Cal. Nov. 3, 2010) (Chinese-to-English translations held inadmissible in the absence of proof of competent translation); *Novelty Textile, Inc. v. Windsor Fashions, Inc.*, No. CV 12-05602 DDP MANX, 2013 WL 1164065, at *3 (C.D. Cal. Mar. 20, 2013) (finding non-certified translation of foreign language document inadmissible); *In re Ingenu, Inc.*, No. 20-03779-LT, 2024 WL 3634243, at *35 (Bankr. S.D. Cal. Feb. 13, 2024) (finding non-certified translation of foreign language document inadmissible).

Even taking Plaintiff's inadmissible translation of Ms. Kuiper's letter on its face, it does not rise to the level of establishing an exceptional circumstance for at least the following reasons:

- REDACTED



February 12, 2026
Page 6



- REDACTED

- REDACTED

- REDACTED

Ms. Kuiper's letter does not present a specific showing of predictable harm that would result from Mr. Gesteelde-Diamant attending Plaintiff's deposition, as is required by the case law. *See, e.g., Filberto Clemente, et. al. v. Michael Patrick Carroll, et. al.*, No. CV-25-01583-HDV (AGRX), 2025 WL 4058294, at *1 (C.D. Cal. Dec. 2, 2025) ("The party moving for exclusion of another party must make a 'specific showing of harm' that is 'more than ordinary garden variety or boilerplate good cause facts which will exist in most civil litigation.'"); *Valentine*, 2018 WL 1281797, at *7 (finding a party may not be excluded from attending depositions merely "because his presence *may* cause other parties to feel uncomfortable") (emphasis added).

Rather, this letter shows only Plaintiff's own efforts to conjure up a potential harm and manufacture evidence where the existing record and evidence to date do not otherwise support it.

### (2) Plaintiff's Exhibit B – Dutch Record

Like Exhibit A, Exhibit B is similarly incomprehensible as it is written in Dutch and also unauthenticated. Plaintiff has not provided a translation certified as true and accurate, and Plaintiff's own characterization of some selected statement from the document is wholly improper considering she is the *plaintiff* in this lawsuit and the same person who has asserted the egregious

---

[2] Plaintiff *excluded* this purported correspondence from her January 7, 2026, production of health records, and, to date, counsel for Defendants have not been provided with this document.

[3] At the informal hearing, counsel for Plaintiff represented that this must be a "translation issue," but it is repeated twice in the document and was apparently reiterated in an email from Plaintiff to Ms. Kuipers.



February 12, 2026
Page 7

allegations against Mr. Gesteelde-Diamant. Exhibit B purports to be a referral, yet Plaintiff provides no information about who is referring her, to where she is being referred, when she was referred, why she is being referred, or whether the referral was based on a recent examination by a physician or at the sole directive of Plaintiff.

Both exhibits cannot serve as the basis for Plaintiff to exclude Mr. Gesteelde-Diamant from her deposition, otherwise there will be no limiting principle.

**III.    The Requested Relief Would Harm Mr. Gesteelde-Diamant**

Absent facts of extraordinary circumstances, the law does not warrant depriving Mr. Gesteelde-Diamant of his right to meaningfully participate in his defense at the deposition of the person who has asserted the claims against him. Plaintiff's proposal of forcing Mr. Gesteelde-Diamant to sit in a separate room during Plaintiff's deposition is impractical and will surely place Mr. Gesteelde-Diamant at a disadvantage. Absent the necessary showing of extraordinary circumstances for exclusion whatsoever, excluding Mr. Gesteelde-Diamant would cause significant harm for at least the following reasons:

- **First:** because every other fact witness to be deposed in this case to date has denied the alleged events, Plaintiff's testimony will be crucial. It is equally crucial that Plaintiff's deposition not be interrupted and that counsel for both parties have equal opportunity to advocate for their clients in real time with the benefit of their clients and colleagues by their sides. If Mr. Gesteelde-Diamant is excluded, Mr. Gesteelde-Diamant's counsel will be forced to determine who is in the room with Mr. Gesteelde-Diamant versus who is in the room with Plaintiff, and counsel and client will not be able to work together seamlessly.  Defense counsel will also be forced to take multiple breaks throughout the deposition to consult with Mr. Gesteelde-Diamant, which will inevitably cause disruptions and delays and interrupt the flow of questioning that is central to an effective deposition.

- **Second:** Mr. Gesteelde-Diamant has personal knowledge of the circumstances surrounding his work with Plaintiff and their relationship which underlie the central legal issues in the case, and it is critical that counsel be able to utilize Mr. Gesteelde-Diamant's knowledge and participation in real time while Plaintiff is providing her testimony.

- **Third:** the allegations themselves—as well as Plaintiff's counsel's public display of them in the media at the outset of this litigation—have caused Mr. Gesteelde-Diamant significant damages, including harm to his family and his reputation and opportunities in the music industry. It is imperative our client is permitted to be present while Plaintiff



February 12, 2026
Page 8

testifies about this alleged conduct live for the first time in this case since raising these harmful allegations nearly two years ago.

The presence of a security guard would provide Plaintiff with adequate protection while avoiding these specifically enumerated harms to Defendant.

## IV.    Plaintiff's Authority Is Inapplicable

Plaintiff's supplemental briefing reiterates the case law in her meet and confer letter dated February 3, 2026, which is distinguishable.

- In *Ameduri v. Village of Frankfort*, the plaintiff provided contemporaneous *affidavits* by his *treating psychiatrist and psychologist* who stated that due to the plaintiff's "current psychiatric condition," if the defendants were present at the deposition, this "would *surely trigger* an acute exacerbation of his PTSD symptoms . . . includ[ing], but not limited to, increased anxiety, hypervigilance, flashbacks, loss of bodily functions, vomiting, urinary incontinence" and could cause him "permanent damage" or "irreversible damage." No. 6:11 Civ. 0050 (MAD) (DEP), 2012 WL 13172920, at *3 (N.D.N.Y. July 17, 2012). Moreover, the court found that "even defendants' expert seemingly acknowledges that a deposition conducted with the individual defendants present could well have an adverse effect upon plaintiff's mental condition . . . ." *Id.* Unlike in *Ameduri*, Plaintiff has not provided any evidence whatsoever by a current treating physician of a predictable and specific harm that would result, much less the types of harms recognized in the case law, nor does any of Defendant's evidence support such a result. *But see Doe v. Lynn Univ., Inc.*, No. 9:16 Civ. 80850, 2017 WL 275448, at *4 (S.D. Fla. Jan. 19, 2017) (plaintiff's treating physician submitted evidence that the anxiety caused by her deposition would worsen her juvenile myoclonic epilepsy).

- Similarly, in *Garey v. Anderson*, the court found that plaintiff made a specific showing of harm because the defendant "was convicted of assault fourth degree–domestic violence and harassment–domestic violence, both committed against [the plaintiff] as his intimate partner," the plaintiff "was diagnosed with post-traumatic stress disorder," her mental health counselor opined that the defendant's presence at her deposition would be harmful to her ongoing treatment progress, and the plaintiff offered to submit to a second deposition, which the court found would "adequately protect [the defendant's] due process interests." No. 2:33 Civ. 0069 (TOR), 2023 WL 11065857, at *2 (E.D. Wash. Mar. 22, 2023). Here, Mr. Gesteelde-Diamant was never convicted of any harm or violence perpetrated against Plaintiff. While Plaintiff has asserted heinous acts in her complaint, they are mere allegations, and no testimony or documentary evidence to date support the allegations. ██████REDACTED██████



February 12, 2026
Page 9

REDACTED

Finally, Plaintiff has not submitted to a second deposition, nor is there any time for a follow up deposition in this case as the discovery cut off is February 23, 2026 (and a second deposition where Mr. Gesteelde-Diamant cannot be present would not rectify the problem, in any event).

Other cases Plaintiff cites are distinguishable for various reasons, including because they do not involve excluding a party from the adverse party's deposition, both parties conceded to the harm that would result from the party's presence, and/or the alleged sexual events occurred close in time to the litigation, as opposed to eleven years ago as in this case. *See, e.g.*, *Williams v. City of Iron Mountain*, No. 2:23 Civ. 32, 2023 WL 12184914, at *1 (W.D. Mich. Nov. 21, 2023) (alleged sexual harassment, sexual assault, discrimination, and retaliation occurred from 2017 until 2022 prior to the complaint being filed in 2023); *Harris v. City of Phoenix*, No. 20 Civ. 00078 (PHX) (DLR), 2021 WL 5908209, at *1 (D. Ariz. Dec. 13, 2021) (excluding the plaintiff where the plaintiff made a threatening statement to the witness-deponent two years prior; finding the plaintiff's presence would not aid the discovery process); *Wesselmann v. Tyson Foods, Inc.*, No. 15 Civ. 4247 (LTS), 2016 WL 6986683, at *1–2 (N.D. Iowa Nov. 28, 2016) (plaintiff allegedly assaulted the witness-deponent only a year before the complaint was filed and both parties conceded that the witness-deponent was fearful of the plaintiff's presence).

Plaintiff incorrectly states that "courts in this Circuit" are split on whether there is a constitutional dimension to a party's right to attend a deposition. The case Plaintiff cites, *Esebag v. Whaley*, No. 18 Civ. 08446 (RAO), 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019), acknowledges only that a New York district court was unaware of a holding of a constitutional right. Plaintiff has not cited any opinion from the Ninth Circuit where a court has found no constitutional dimension, and indeed, the Ninth Circuit has consistently recognized it. *See e.g.*, *Valentine*, 2018 WL 1281797, at *7 ("[S]ince 'a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection,' a party may only be excluded from a deposition under 'extraordinary circumstances.'"); *Linlor*, 2018 WL 2182298, at *3 (same).

## V.   Conclusion

For the foregoing reasons, Defendant Mr. Gesteelde-Diamant respectfully requests Your Honor deny Plaintiff's request to exclude him from her deposition because she has failed to present an extraordinary circumstance for doing so. Alternatively, Mr. Gesteelde-Diamant requests Your Honor adopt the proposed compromise of a security guard at the deposition, with



February 12, 2026
Page 10

all costs to be advanced by Defendants (subject to shifting under Rule 68 of the Federal Rules of Civil Procedure as may be applicable).

Sincerely,

Desirée F. Moore