**VENABLE LLP**
Desirée F. Moore (admitted *Pro Hac Vice*)
  dmoore@venable.com
Abram I. Moore (admitted *Pro Hac Vice*)
  amoore@venable.com
Nelson M. Hua (admitted *Pro Hac Vice*)
  nmhua@venable.com
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
Telephone:  312.820.3400
Facsimile:   312.820.3401

Venable LLP
Kaidyn P. McClure (SBN 352627)
  kpmcclure@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:   310.229.9901

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE,<br><br>  Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM" and CONTRA PARIS, LLC,<br><br>  Defendants. | Case No. 2:24-cv-04639-SPG-PVC<br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**DEFENDANTS TERIUS GESTEELDE-DIAMANT'S AND CONTRA PARIS, LLC'S NOTICE OF MOTION AND MOTION TO CONTINUE EXPERT DISCOVERY DEADLINES**<br><br>*[Filed Concurrently with Declaration of Desirée F. Moore and [Proposed] Order]*<br><br>Action File: June 4, 2024<br>Trial Date:   August 25, 2026 |

-1-

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** on April 8, 2026 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 5C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" ("Mr. Gesteelde-Diamant") and Contra Paris, LLC ("Contra Paris") (collectively, "Defendants") will and hereby do move the Court for a limited modification of the case scheduling order to continue the expert disclosure deadlines. Specifically, this Motion seeks the following relief:

| Description | Current Deadline | Requested Date |
|---|---|---|
| Expert Disclosure (initial) | 03/09/2026 | 04/10/2026 |
| Expert Disclosure (rebuttal) | 03/23/2026 | 04/24/2026 |
| Expert Discovery Cut-Off | 03/30/2026 | 05/01/2026 |

This Motion is made pursuant to Federal Rule of Civil Procedure 16(b)(4) on the grounds that good cause exists to modestly extend the expert disclosure deadlines in light of prior fact discovery extensions necessitated by Plaintiff's delayed document productions, the Parties' prior inability to set expert deadlines due to Plaintiff's uncertainty regarding expert availability, and Defendants' continued diligence in attempting to secure a reasonable expert schedule.

The Parties previously conducted a meet and confer via videoconference on February 20 to discuss discovery issues and the need to extend case deadlines, including the expert discovery deadline. *See* Declaration of Desirée F. Moore ("Moore Decl.") ¶ 4. Counsel for Defendants attempted to meet and confer again with counsel for Plaintiff more recently via videoconference pursuant to Local Rule 7-3 and the Honorable Sherilyn Peace Garnett's Standing Order for Civil Cases but were unable to meet due to counsel for Plaintiff's unavailability and the need to file this Motion before the cut-off for initial expert disclosures. *See id.* at ¶ 7.

The Motion is based on this Notice, the Memorandum of Points and

Authorities attached hereto, the Declaration of Desirée F. Moore, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: March 9, 2026

**VENABLE LLP**

By: */s/ Desirée Moore*
Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek a narrow and reasonable extension of the expert discovery deadlines. The requested modification is necessitated by prior delays in fact discovery attributable to Plaintiff's inability to produce witnesses for deposition and Plaintiff's late document productions. When the Parties previously moved to extend fact discovery deadlines, they did not request modification of expert deadlines because counsel for Plaintiff represented that they could not yet determine Plaintiff's or their expert's availability. Since that time, Defendants have repeatedly sought to reach agreement on a reasonable expert disclosure timeline and proposed March 27 as an initial disclosure date. On March 5, Plaintiff indicated that she wished to push all substantive expert discovery to "the summer" and subsequently proposed dates that would extend expert discovery to June 19. In an effort to accommodate Plaintiff while keeping the case on track, Defendants now propose extending their prior March 27 proposal by an additional two weeks to allow Plaintiff time to secure an expert with availability.

In other words, the Parties agree that there is good cause to extend the expert discovery deadlines. Plaintiff simply hopes to extend them six weeks further than the dates proposed by Defendants in this Motion.

Defendants have acted diligently throughout. The requested relief is modest, proportional, and consistent with Rule 16 and Ninth Circuit precedent.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Ninth Circuit has made clear that the "good cause" standard "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

At the same time, the district court retains broad discretion to modify scheduling orders where the moving party demonstrates good cause. *See United*

1  *States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (district courts have broad discretion in managing pretrial schedules); *Raybould v. Rushmore Loan Mgmt. Servs., LLC*, 854 F. App'x 227 (9th Cir. 2021) (noting the "district court has broad discretion to manage its docket"); *Penk v. Oregon State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987) ("The court has broad discretion in fashioning appropriate scheduling orders."); *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 232 (C.D. Cal. 2020) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . . ."); *Bright v. Mercer Advisors Inc.*, 502 F. App'x 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in modifying the scheduling order to allow defendant to amend its answer because defendant showed good cause.").

### III.  DEFENDANTS HAVE ACTED DILIGENTLY

#### A. Fact Discovery Was Extended In Part Due to Plaintiff's Delays

Earlier in this case, the Parties moved to extend fact discovery deadlines because Plaintiff was unable to produce witnesses for deposition and made late document productions. *See* Declaration of Desirée F. Moore ("Moore Decl.") ¶ 3. Those delays required adjustment of the fact discovery schedule.

The need to extend fact discovery was not attributable to any lack of diligence by Defendants. Rather, Defendants proceeded with discovery and sought extensions only when it became clear that Plaintiff's witness unavailability and late productions made the existing schedule impracticable.

Courts routinely find good cause under Rule 16 where extensions are necessitated by circumstances outside the moving party's control. *See Noyes*, 488 F.3d at 1174 n.6 (good cause exists where deadlines cannot reasonably be met despite diligence).

#### B. The Parties Did Not Previously Seek to Modify Expert Deadlines Because Plaintiff Could Not Determine Expert Availability

At the time the fact discovery deadline was extended, the Parties did not

-2-

request modification of expert deadlines because counsel for Plaintiff represented that they could not determine their client's or expert's availability. *See* Moore Decl. ¶ 4.

In other words, Defendants did not ignore the expert schedule; rather, they refrained from seeking modification because Plaintiff was unable to provide the information necessary to establish a workable expert timeline. Further, Defendants intended to work with Plaintiff and hoped to agree on an extension that provided the Parties additional time without causing unnecessary delay in the case. Ultimately, Plaintiff did not put forward a workable proposal and was unable to confer.

### C. Defendants Have Repeatedly Sought Agreement on a Reasonable Expert Discovery Timeline

Defendants have repeatedly pressed to obtain agreement on a reasonable expert disclosure schedule. On February 19, Defendants initially proposed that Plaintiff's mental examination pursuant to Federal Rule of Civil Procedure 35 take place on February 25 and provided a scope of the examination, but Plaintiff said the date would not work and asked for more time to consider Defendants' proposal. *See* Moore Decl. ¶ 4. Defendants continued to follow up with Plaintiff and eventually proposed extending the initial expert disclosures date to March 27 in an effort to move the case forward and maintain orderly progression toward trial set for August 25. *See id.* at ¶ 5.

Only last week did Plaintiff indicate that she wished to push all substantive expert discovery to "the summer" and proposed extending the expert discovery cutoff to June 19. *See id.* at ¶ 6. Plaintiff's proposal would conflict with the deadline to hear *Daubert* motions and disrupt the orderly progression contemplated by Rule 16. Indeed, the Parties will not have sufficient time to prepare their trial filings due in early July if expert discovery runs into mid-June—less than seven weeks before the Final Pretrial Conference.

Rather than oppose any extension outright, Defendants now propose a modest

compromise that is consistent with the Court's recommended timing for pretrial and trial dates. Under Ninth Circuit law, diligence—not the absence of any impact—is the touchstone of the Rule 16 inquiry.

## IV.   THE REQUESTED EXTENSION IS MODEST AND WILL NOT PREJUDICE PLAINTIFF

The requested modification is limited, aligns with the Court's recommended timing for pretrial and trial dates, and will not impede other case deadlines. Indeed, the requested April 10 date for initial expert disclosures is about sixteen weeks before the Parties' Final Pretrial Conference on August 5, which aligns with the Court's recommended timeline for pretrial dates. The modest adjustment accommodates Plaintiff's stated concerns regarding expert availability and provides the Parties sufficient time to complete Plaintiff's mental examination under Federal Rule of Civil Procedure 35. It also preserves the orderly progression of expert discovery and avoids the substantial delay that would result from postponing expert discovery to mid-June, as proposed by Plaintiff.

Because the extension is limited and designed in part to benefit Plaintiff, there is no cognizable prejudice. *See Dang*, 488 F.3d at 1143 (recognizing district courts' broad discretion in managing schedules to ensure orderly and efficient resolution of cases). The only prejudice that would result is from Plaintiff's proposed dates, as discussed above.

## V.   CONCLUSION

Defendants have demonstrated good cause under Rule 16(b)(4). The need for modification arises from prior discovery delays outside Defendants' control and Plaintiff's evolving position regarding expert timing. Defendants have acted diligently and propose a modest, reasonable extension that accommodates Plaintiff while preserving the Court's schedule.

Accordingly, Defendants respectfully request that the Court modify the Scheduling Order to extend the expert disclosure deadlines consistent with the

1  proposal set forth above.

2

3

4  Dated: March 9, 2026

5

                                                 **VENABLE LLP**

                        By:  */s/ Desirée Moore*
                               Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (collectively, "Defendants") certifies that this brief contains 1523 words, including headings and footnotes and excluding this certificate of compliance and the sections enumerated by L.R. 11-6.1, which therefore complies with the word limit of L.R. 11-6.1.

Dated: March 9, 2026

**VENABLE LLP**

By: /s/ *Desirée Moore*
Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*