**VENABLE LLP**
Desirée F. Moore (admitted *Pro Hac Vice*)
 dmoore@venable.com
Abram I. Moore (admitted *Pro Hac Vice*)
 amoore@venable.com
Nelson M. Hua (admitted *Pro Hac Vice*)
 nmhua@venable.com
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
Telephone:  312.820.3400
Facsimile:  312.820.3401

**VENABLE LLP**
Kaidyn P. McClure (SBN 352627)
 kpmcclure@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:  310.229.9901

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANAAZ MANGROE,<br><br>Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; CONTRA PARIS, LLC; and SONY MUSIC ENTERTAINMENT<br><br>Defendants. | Case No. 2:24-cv-04639-SPG-PVC<br><br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE CERTAIN SUMMARY JUDGMENT MATERIALS UNDER SEAL**<br><br>*[Filed concurrently with Defendants' Notice of Motion and Motion for Summary Judgment; Declaration of Desirée F. Moore in Support of Application for Leave to File Under Seal]*<br><br> Action Filed:  June 4, 2024<br> Trial Date:  October 20, 2026 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2(b), Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" ("Mr. Gesteelde-Diamant") and Contra Paris, LLC ("Contra Paris") (together, "Defendants") hereby apply to provisionally file the Parties' Joint Appendix of Evidence related to Defendants' Notice of Motion and Motion for Summary Judgment (their "Motion for Summary Judgment") under seal, solely because Plaintiff contends that certain materials must be filed under seal.

Defendants submit the entirety of the following materials under seal— pending Plaintiff's declaration of counsel under Local Rule 79-5.2.2(b)(i)—on account of a dispute between the Parties regarding the sealing and redaction of certain as-yet-unspecified portions these materials that Plaintiff intends to request:

a. The Parties' Joint Brief Regarding Defendants' Motion for Summary Judgment;

b. The Parties' Joint Appendix of Facts;

c. The Parties' Joint Appendix of Evidence; and

d. The Parties' Joint Appendix of Objections.[1]

In support of this application, Defendants state as follows:

1. Defendants have filed a Notice of Motion and Motion for Summary Judgment (their "Motion for Summary Judgment") in favor of Defendants on all claims brought by Plaintiff. Pursuant to the Court's Standing Order, the Parties

---

[1] Because, as set forth below, Plaintiff's counsel has indicated that Plaintiff intends to submit a proposal for the sealing of these materials, Defendants submit these materials as unredacted, non-public exhibits to the accompanying supporting declaration, and not as public exhibits to this present filing, pending Plaintiff's proposal and the Court's resolution of the Parties' dispute.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

-1-

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

cooperated in good faith to prepare the required joint brief and appendices (the "Summary Judgment Materials") to accompany Defendants' Motion for Summary Judgment. During these preparations, the Parties discussed filing under seal—and redacting—certain portions of the Summary Judgment Materials, based on Plaintiff's designation of documents produced during discovery as "CONFIDENTIAL" pursuant to the governing Protective Order (Dkt. 65).

2.      The Parties met and conferred to the extent possible, and Plaintiff's counsel has indicated that **Plaintiff** seeks to seal and redact certain portions of the Summary Judgment Materials including: (i) bank statements; (ii) purported medical records; and (iii) certain "embarrassing" text message correspondence.

3.      Defendants do not oppose in principle any effort to file bank statements and medical records under seal, but oppose as a general matter sealing "embarassing" text messages. More specifically, any purported "embarrassment" does not substantially outweigh the strong presumption in favor of access or provide a compelling reason to warrant sealing.

4.      Likewise, substantial portions of the text messages at issue in the Summary Judgment Materials were selectively quoted *by Plaintiff* in her public Complaint in this action and provide context for those published text messages (in addition to the Complaint, Plaintiff's law firm published a press release touting that it filed a lawsuit against Mr. Gesteelde-Diamant, accusing Mr. Gesteelde-Diamant of "depraved behavior" and "heinous acts," listing the many mainstream media sources that covered the story, and linking to the Complaint[2]). Other messages

---

[2] *See Wigdor LLP Files a Federal Lawsuit Against Songwriter/Producer "The-Dream*, available at: https://www.wigdorlaw.com/news-press/wigdor-llp-files-a-federal-lawsuit-against-songwriter-producer-the-dream/ (last visited April 15, 2026).

Case No. 2:24-cv-04639-SPG-PVC                    DEFENDANTS' APPLICATION FOR LEAVE TO FILE CERTAIN SUMMARY JUDGMENT MATERIALS UNDER SEAL

Plaintiff seeks to seal are of a similar or identical nature to the messages she published. In short, Plaintiff actively sought to publicize Defendant's explicit messages to her and now asks the Court to seal her own messages of the same nature to prevent her own embarrassment. There is no basis to do so.

5. That is, Plaintiff has waived any argument for sealing of these materials.

6. As required by Local Rule 79-5.2.2 (b), the Declaration of Desirée F. Moore filed contemporaneously herewith in support of the present application sets forth more fully: (i) the material designated by Plaintiff as confidential; and (ii) a detailed description of the Parties' efforts to resolve the dispute. The declaration also includes, with supporting case law, Defendants' reasons for opposing Plaintiff's attempts to seal certain portions of the Summary Judgment.

7. Defendants understand that Plaintiff intends to file, within four (4) days of filing of this application and pursuant to Local Rule 79-5.2.2(b)(i), a declaration of counsel setting forth her own proposal for sealing and redaction of the Summary Judgment Materials. As discussed above, Defendants, at least in principle, do not oppose the sealing of materials with respect to bank and purported medical records, but do oppose the sealing of materials with respect to text messages. To the extent the Court requires Defendants' more specific positions after Plaintiff has made her proposal, Defendants will provide those positions as directed by the Court.

As set forth herein, Defendants respectfully submit this application for leave to file certain summary judgment motions under seal and the accompanying Declaration of Desirée F. Moore, attaching unredacted versions of the Parties' joint submissions relating to Defendants' Motion for Summary Judgment, in order to seek a determination as to the sealing and redaction of those Summary Judgment Materials in light of Plaintiff's forthcoming declaration of counsel under Local Rule 79-5.2.2(b)(i) and the arguments set forth in the accompanying Declaration of Desirée F. Moore.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

-3-

Dated: April 15, 2026

**VENABLE LLP**

By:  */s/ Abram I. Moore*
Abram I. Moore
Desirée F. Moore
Nelson M. Hua
Kaidyn P. McClure

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

-4-

DEFENDANTS' APPLICATION FOR LEAVE TO FILE CERTAIN SUMMARY JUDGMENT MATERIALS UNDER SEAL