VENABLE LLP
Desirée F. Moore (admitted *Pro Hac Vice*)
  dmoore@venable.com
Abram I. Moore (admitted *Pro Hac Vice*)
  amoore@venable.com
Nelson M. Hua (admitted *Pro Hac Vice*)
 nmhua@venable.com
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
Telephone:  312.820.3400
Facsimile:  312.820.3401

VENABLE LLP
Kaidyn P. McClure (SBN 352627)
  kpmcclure@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:  310.229.9901

*Attorneys for Defendants Terius Gesteelde-Diamant*
*p/k/a "The-Dream" and Contra Paris, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE,<br><br>                    Plaintiff,<br><br>          v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM" and CONTRA PARIS, LLC,<br><br>                    Defendants. | Case No. 2:24-cv-04639-SPG-PVC<br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**DEFENDANTS TERIUS GESTEELDE-DIAMANT'S AND CONTRA PARIS, LLC'S EX PARTE APPLICATION TO MODIFY EXPERT DISCLOSURE DEADLINES FOR LIMITED PSYCHOLOGICAL-EXPERT PURPOSES**<br><br>*[Filed Concurrently with Declaration of Desirée F. Moore and [Proposed] Order]*<br><br>Action Filed: June 4, 2024<br>Trial Date:   October 20, 2026 |

TO THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

-1-

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rules of Civil Procedure 16(b)(4), 26(a)(2), Local Rule 7-19, and Section J of the Court's Standing Order, Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (collectively, "Defendants") hereby apply *ex parte* for a narrow modification of two psychological-expert disclosure deadlines due to delay created by Plaintiff. Specifically, this *ex parte* application seeks the following relief:

| Description | Current Deadline | Requested Date |
|---|---|---|
| Defendants' Initial Psychological Expert Disclosure | 06/05/2026 | 06/19/26 |
| Both Parties' Rebuttal Psychological Expert Disclosures | 06/18/2026 | 06/29/26 |

Last Friday, Plaintiff served an expert report from Dr. Dawn Hughes that offers opinions concerning PTSD, depression, symptom validity, malingering or feigning, causation, impairment, and prognosis, and that refers generally to a battery of psychological tests administered to Plaintiff. Declaration of Desirée F. Moore ("Moore Decl.") ¶ 2. According to the report, Dr. Hughes examined Plaintiff for approximately 13.75 hours over two days. *Id.* But Plaintiff has not produced the underlying test data, scoring materials, protocols, CAPS-5 (Clinician-Administered PTSD Scale) materials, notes taken and/or considered, research relied upon, or methodology materials that Defendants contend are necessary to evaluate those testing-based opinions. *Id*. at ¶ 3. Defendants therefore request a limited extension of the June 5, 2026, deadline for their initial examining-psychologist report (to be prepared by Dr. Michelle Vorwerk), and an extension of the June 18, 2026, deadline only for the Parties' respective rebuttal psychological expert disclosures, including Defendants' separate psychological rebuttal expert report that will respond to Dr. Hughes's report. Defendants' remaining expert disclosures are not affected and will

-2-

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY DEADLINES

proceed under the current schedule.

In early March, Plaintiff asked Defendants to agree to extend the expert-discovery schedule significantly because her singular chosen psychological expert could not complete her report until late May. With the Parties' agreement, on March 27, 2026, the Court entered a revised expert-disclosure schedule under which Plaintiff's initial expert disclosures were due May 22, 2026, Defendants' initial expert disclosures are due June 5, 2026, and both Parties' rebuttal disclosures are due June 18, 2026. Defendants scheduled Plaintiff's Rule 35 mental examination by Dr. Vorwerk for May 28-29, 2026, after Plaintiff's May 22 disclosure date, with the expectation that Plaintiff's psychological expert disclosure would provide the materials necessary to evaluate Dr. Hughes's testing-based opinions.

On Friday, May 22, 2026, Plaintiff served Dr. Hughes's narrative report. Moore Decl. ¶ 2. The disclosure does not include the underlying test data, scoring materials, protocols, CAPS-5 materials, notes taken and/or considered, research relied upon, or methodology materials necessary for Defendants' psychological experts to assess Dr. Hughes's test administration, scoring, validity interpretations, diagnostic reasoning, causation analysis, and impairment opinions. *Id*. at ¶ 3.

On Monday, May 25, 2026, Memorial Day, Defendants requested that Plaintiff produce the missing materials as soon as possible. *Id*. at ¶ 4. The Parties exchanged emails the next day, but Plaintiff did not commit to producing the requested materials and stated, "We will not agree to extend the expert disclosure schedule." *Id*. Today, the Parties conferred by videoconference. *Id*. at ¶ 5. Defendants explained that the underlying psychological testing materials are important to their examining expert. *Id*. Plaintiff took the position that nothing would be produced before the Rule 35 examination, that Plaintiff would not agree to move any expert deadlines, and that Plaintiff would not agree to any continued examination if Dr. Hughes's test data, scoring materials, or notes are later produced.

-3-

*Id.*

Defendants will present the substantive discovery issues concerning Dr. Hughes's underlying materials, and any request concerning the scope or completion of Plaintiff's Rule 35 examination, to Magistrate Judge Castillo. Defendants do not ask this Court to decide those discovery issues. Defendants also are not seeking to postpone Plaintiff's Rule 35 examination. Dr. Vorwerk will proceed with the examination as scheduled and will exercise independent clinical and forensic judgment. The issue for this Court is timing: Defendants should not be forced to serve Dr. Vorwerk's final Rule 26 report by June 5, or their separate psychological rebuttal report by June 18, before the discovery dispute concerning Dr. Hughes's underlying testing materials is resolved and before Defendants know whether the stipulated examination was sufficient to complete the only defense psychological examination of Plaintiff.

Defendants expect that the disputes regarding the information underlying Dr. Hughes' opinions and any further examination of Plaintiff by Dr. Vorwerk will be resolved in sufficient time for Defendants to submit their initial psychological expert report by June 19 and their rebuttal psychological expert report by June 29. Defendants respectfully request that these deadlines be extended accordingly.

*Ex parte* relief is necessary because the June 5 deadline will expire before a regularly noticed motion can be heard. The emergency is not self-created. Defendants agreed to the current schedule after Plaintiff requested additional time to accommodate Dr. Hughes's availability; promptly requested the missing materials after receiving Dr. Hughes's report on the Friday before Memorial Day weekend; met and conferred immediately after the holiday; and now seek relief limited only to the two psychological expert deadlines affected by the missing materials. Defendants will disclose all other experts under the existing schedule.

Rule 16(b)(4) permits modification of a scheduling order for good cause and

-4-

with the Court's consent. The good-cause inquiry focuses on diligence and whether the existing schedule can reasonably be met despite that diligence. Here, Defendants acted diligently: they agreed to a revised expert schedule to accommodate Dr. Hughes, scheduled Plaintiff's Rule 35 examination immediately after Plaintiff's expert disclosure deadline, requested the missing materials promptly after receiving Dr. Hughes's report, met and conferred, and now seek relief before the June 5 deadline. The requested modification is limited to the two psychological expert disclosures affected by the unresolved Hughes-data and Rule 35 completion issues. Defendants' remaining expert disclosures will proceed under the existing schedule.

*Ex parte* relief is warranted because the June 5 deadline will expire before a regularly noticed motion can be heard. Defendants did not create the emergency; it arose when Plaintiff served Dr. Hughes's report on May 22 without the underlying testing materials and then refused to agree to any limited adjustment of the expert schedule.

Defendants do not ask this Court to compel production of Dr. Hughes's materials or to modify the Rule 35 examination. Those issues will be addressed to Magistrate Judge Castillo. This application asks only for a limited Rule 16 scheduling modification so that Dr. Vorwerk's initial examining-psychologist report and Defendants' separate psychological rebuttal report are not due before the discovery and examination-completion issues can be resolved.

Pursuant to Local Rule 7-19.1, Defendants' counsel has given timely notice of this application to Plaintiff's counsel: Meredith Firetog of Wigdor LLP, 85 Fifth Avenue, Fifth Floor New York, NY 10003, (212) 257-6800, reachable by e-mail at mfiretog@wigdorlaw.com. Plaintiff's counsel stated that they oppose the extension of any expert disclosure deadlines. *See* Moore Decl. ¶¶ 4-5. Given the impending

Case No. 2:24-cv-04639-SPG-PVC

DEFENDANTS' EX PARTE
APPLICATION TO CONTINUE EXPERT
DISCOVERY DEADLINES

June 5 deadline, Defendants respectfully request that the Court grant the requested relief by May 29, 2026 or as soon as this matter may be heard.

Dated: May 27, 2026

**VENABLE LLP**

By:  */s/ Desirée Moore*
Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

-6-

Case No. 2:24-cv-04639-SPG-PVC

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY DEADLINES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants seek a limited and reasonable continuance of the current expert disclosure deadlines, solely for purposes of allowing Defendants' retained forensic psychologist, Dr. Michelle L. Vorwerk, to complete a fully informed Independent Medical Examination ("IME") of Plaintiff and prepare a complete initial expert disclosure report. Currently, Plaintiff cannot complete a fully informed IME or prepare an initial expert disclosure report without the testing results, interview notes, underlying data, and related medical records that Plaintiff's expert was required to produce on May 22, 2026, in advance of Defendant's IME of Plaintiff, set for the duration of eight hours on May 28, 2026, and May 29, 2026. Further, although Plaintiff's expert examined Plaintiff for approximately 13.75 hours over two days, Plaintiff limited Defendants' expert to substantially less examination time. Good cause therefore exists for a limited continuance to permit Defendants' expert sufficient equivalent time to complete the IME, review the still-withheld materials, and prepare a complete initial expert disclosure report consistent with the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Ninth Circuit has made clear that the "good cause" standard "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

At the same time, the district court retains broad discretion to modify scheduling orders where the moving party demonstrates good cause. *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (district courts have broad discretion in managing pretrial schedules); *Raybould v. Rushmore Loan Mgmt. Servs., LLC*, 854 F. App'x 227 (9th Cir. 2021) (noting the "district court has broad discretion to

-1-

manage its docket"); *Penk v. Oregon State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987) ("The court has broad discretion in fashioning appropriate scheduling orders."); *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 232 (C.D. Cal. 2020) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . . ."); *Bright v. Mercer Advisors Inc.*, 502 F. App'x 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in modifying the scheduling order to allow defendant to amend its answer because defendant showed good cause.").

Finally, Federal Rule of Civil Procedure 26(a)(2) requires that expert disclosures contain, among other things "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them."

## III.    GOOD CAUSE EXISTS FOR THE REQUESTED LIMITED CONTINUNACE

Good cause exists because Defendants' ability to complete an adequate IME of Plaintiff and prepare an initial expert disclosure report has been materially impacted by Plaintiff's withholding of and failure to timely produce the underlying materials generated and relied upon by Plaintiff's own expert during Plaintiff's previous IME.

As the Parties contemplated together and the expert discovery schedule reflects, Defendants' expert's IME was intentionally scheduled to occur after Plaintiff's expert completed her IME and produced her expert report and supporting materials. Plaintiff's expert was expected to produce those materials on May 22, 2026, sufficiently in advance of Defendants' expert's IME, currently set on May 28-29, 2026, so that Defendants' expert could review the testing results, interview notes, underlying data, and related medical records before conducting the examination.

-2-

However, these materials have not been produced— and Plaintiff's counsel has refused to even indicate when and whether such required materials will be produced.

Without access to Plaintiff's expert's testing materials, interview notes, and related medical records, Defendants' expert cannot adequately evaluate the scope of testing already conducted or that may be necessary or conduct a fully informed and efficient forensic examination.

Further, Plaintiff's expert conducted her IME over approximately 13.75 hours across two days, yet Plaintiff required Defendants to agree to substantially less examination time for Defendants' expert. Principles of fairness and parity support allowing Defendants' expert equivalent time, if necessary, to conduct a comparable IME and meaningfully evaluate Plaintiff's claimed psychological injuries.

Absent the requested limited continuance, Defendants will be substantially prejudiced by being forced to disclose incomplete initial expert disclosure opinions without adequate examination time or access to the underlying materials generated and relied upon by Plaintiff's expert for her initial IME. Furthermore, Defendants' requested relief is narrowly tailored, sought in good faith, and will not materially prejudice Plaintiff or disrupt the Court's schedule.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this *ex parte* application and permit a limited extension of the June 5, 2026, deadline for Defendants' initial examining-psychologist report to and including June 19, 2026 and an extension of the June 18, 2026, deadline for the Parties' respective rebuttal psychological expert disclosures to and including June 29, 2026.

-3-

Dated: May 27, 2026

**VENABLE LLP**

By:  */s/ Desirée Moore*
Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

-4-

DEFENDANTS' EX PARTE
APPLICATION TO CONTINUE EXPERT
DISCOVERY DEADLINES

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (collectively, "Defendants") certifies that this application contains 816 words, including headings and footnotes and excluding this certificate of compliance and the sections enumerated by L.R. 11-6.1, which therefore complies with the word limit of L.R. 11-6.1.

Dated: May 27, 2026

**VENABLE LLP**

By: */s/ Desirée Moore*
Desirée F. Moore

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

-1-

Case No. 2:24-cv-04639-SPG-PVC

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY DEADLINES