UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-04639-SPG-PVC | Date | June 2, 2026 |
|---|---|---|---|
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:**   (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION FOR MODIFICATION OF EXPERT DISCOURE DEADLINES [ECF NO. 133]

Defendants Terius Gesteelde-Diamant and Contra Paris, LLC ("Defendants") seek *ex parte* relief to modify two expert disclosure deadlines. *See* (ECF No. 133 ("Application")). In short, the parties previously stipulated that (1) Plaintiff Chanaaz Mangroe ("Plaintiff") would complete her initial expert disclosures by May 22, 2026; (2) Defendants would complete their initial expert disclosures by June 5, 2026; and (3) the parties would complete rebuttal expert disclosures by June 19, 2026. *See* (ECF No. 116). Both parties have retained experts to conduct medical evaluations of Plaintiff. *See* (ECF Nos. 110-115). However, according to Defendants, Plaintiff's initial disclosure for her psychiatric expert, Dr. Dawn Hughes, omitted certain psychiatric test data that Dr. Hughes relied upon in her expert report and interview notes from Dr. Hughes's evaluation. *See* (ECF No. 133-1, Declaration of Desirée Moore, ¶ 2).

Defendants argue that the Court should continue Defendants' initial disclosure deadline and both parties' rebuttal disclosure deadlines based on Plaintiff's failure to submit all information required for her initial expert disclosure. *See* (Application at 2). However, according to Defendants, Plaintiff has now produced the test data and interview notes that Dr. Hughes relied upon in her expert report. *See* (ECF No. 135 ("Reply") at 3-4). Defendants argue that the Court should still continue the relevant expert disclosure deadlines. *See* (*id.*). In support, Defendants generally note that they intend to submit a discovery dispute to Magistrate Judge Pedro Castillo and claim that they were prejudiced by Plaintiff's delay in producing the test data and interview notes, without explaining how they were prejudiced. *See* (*id.* at 4-5).

To justify *ex parte* relief, the moving party must show "irreparable prejudice." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). However, according to Defendants, Plaintiffs have already "produced the very materials Defendants had been requesting." (Reply at 3). Thus, in light of Plaintiff's subsequent production, Defendants have not shown irreparable prejudice that necessitates *ex parte* relief. To the extent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | June 2, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al | | |

Defendants intend to file a discovery motion with Judge Castillo, Defendants have not addressed the substance of their planned motion and why the motion necessitates a modification to the case schedule. Similarly, Defendants have not shown that a continuance is necessary to remedy prejudice from Plaintiff's purported untimely disclosure. The parties have roughly another three weeks to prepare rebuttal expert disclosures and Defendants have not presented argument for why they require additional time.[1] As such, Defendants have not shown irreparable prejudice to justify their request for *ex parte* relief. The Court therefore DENIES the Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg _____

---

[1] Defendants also argue that, without an extension, their medical expert, Dr. Michelle Vorwerk, could only submit "incomplete initial expert disclosure opinions." (Application at 9). However, Dr. Vorwerk has performed an independent medical evaluation of Plaintiff, which presumably supplies the basis for her initial report. Dr. Vorwerk also has the opportunity to prepare separate rebuttal opinions to Dr. Hughes's initial report. Defendants therefore have not shown irreparable prejudice based on the deadline for Dr. Vorwerk's initial report.