# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE,<br><br>　　　Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; and CONTRA PARIS, LLC<br><br>　　　Defendants. | Case No. 2:24-cv-04639-SPG-PVCx<br><br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**STIPULATED AND AGREED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PSYCHOLOGICAL TEST DATA AND TEST MATERIALS** |

## JOINT STIPULATION

Plaintiff Chanaaz Mangroe and Defendants Terius Gesteelde-Diamant and Contra Paris, LLC, by and through their respective counsel of record, stipulate and agree, subject to approval and entry by the Court, to this Supplemental Protective Order governing psychological test data and test materials generated, administered, reviewed, relied upon, or considered by Defendants' retained forensic psychologist, Dr. Michelle L. Vorwerk.

The Court entered a Stipulated Protective Order on June 5, 2025 (Dkt. 65). The parties stipulate that this Supplemental Protective Order is necessary to permit prompt production and use of the materials in expert discovery, while protecting Plaintiff's privacy, the integrity of psychological testing instruments, and proprietary or copyrighted testing materials.

## INTERIM AGREEMENT TO PERMIT IMMEDIATE PRODUCTION

Upon execution of this Stipulation by counsel for all parties, and pending entry by the Court, the parties agree to treat all Covered Testing Materials as "HIGHLY CONFIDENTIAL - TESTING MATERIALS" and to be bound immediately by the restrictions below. The parties further agree that, once counsel have executed this Stipulation and any receiving person required to do so has executed Exhibit A, Dr. Vorwerk may immediately produce Covered Testing Materials under the terms of this Stipulation while the parties jointly seek expedited entry of the Order.

If the Court modifies this Order, the parties and all receiving persons shall promptly comply with the Order as entered. Any materials produced before entry shall remain subject to the protections in this Stipulation and the Stipulated Protective Order unless and until the Court orders otherwise.

## GOOD CAUSE AND ORDER

The Court, finding good cause under Federal Rule of Civil Procedure 26(c), ORDERS as follows:

-1-

STIPULATED AND AGREED
SUPPLEMENTAL PROTECTIVE ORDER

**1. Definitions.**

1.1 "Raw Test Data" means Plaintiff-specific data generated by, administered by, reviewed by, relied upon, or considered by Dr. Vorwerk in connection with her forensic psychological evaluation, including raw scores, scaled scores, standard scores, percentile ranks, validity scores, score reports, scoring sheets, item responses, Plaintiff-specific test protocols, examiner notes concerning Plaintiff's responses or behavior during testing, and related Plaintiff-specific data.

1.2 "Protected Test Materials" means psychological, neuropsychological, psychometric, or other standardized test materials whose unrestricted disclosure could compromise test integrity or proprietary interests, including test manuals, test booklets, test questions, prompts, stimuli, answer forms, scoring keys, copyrighted or proprietary test content, and any protocols or documents that reveal test items, prompts, stimuli, or scoring methods.

1.3 "Covered Testing Materials" means Raw Test Data and Protected Test Materials, collectively.

1.4 "Qualified Mental Health Professional" means a licensed psychologist, licensed neuropsychologist, licensed psychiatrist, or other licensed mental-health professional retained by a party as a consulting or testifying expert in this Action.

1.5 Covered Testing Materials shall be designated "HIGHLY CONFIDENTIAL - TESTING MATERIALS" and shall also be treated as Protected Material under the Stipulated Protective Order entered at Dkt. 65.

**2. Production Protocol.**

2.1 Covered Testing Materials may be produced by secure transmission to Plaintiff's Counsel of Record and, at Plaintiff's request, simultaneously or separately to a Qualified Mental Health Professional retained by Plaintiff.

2.2 To the extent Covered Testing Materials are produced directly to a Qualified Mental Health Professional, Plaintiff's Counsel of Record may communicate with that professional about the materials, opinions, scores, validity

-2-

indices, and analysis, subject to this Order.

2.3 To the extent Covered Testing Materials are produced to Counsel of Record, such production is authorized by this Order and shall not be deemed a waiver of any test-security, copyright, proprietary, confidentiality, privacy, ethical, evidentiary, or admissibility objection.

2.4 Production under this Order shall be deemed production under a court-approved confidentiality and test-security protocol. Nothing in this Order determines the admissibility of any Covered Testing Materials or expert opinions based on them.

2.5 If any test publisher or licensing entity requires additional restrictions before production of particular proprietary materials, the parties shall meet and confer promptly. If agreement cannot be reached, any party may seek further relief from the Court.

**3. Persons Authorized to Access Covered Testing Materials.**

3.1 Unless otherwise ordered by the Court, Covered Testing Materials may be disclosed only to the following persons, and only to the extent reasonably necessary for this Action: (a) Counsel of Record for the parties and employees of Counsel of Record working on this Action; (b) Qualified Mental Health Professionals retained by a party as consulting or testifying experts; (c) Dr. Vorwerk and any other consulting or testifying expert who generated, reviewed, or is asked to respond to Covered Testing Materials; (d) court personnel, court reporters, videographers, and litigation-support vendors as reasonably necessary for depositions, hearings, filings, or trial proceedings, subject to this Order; and (e) any other person only by written agreement of all parties or further order of the Court.

3.2 Covered Testing Materials shall not be disclosed to Plaintiff, Defendants, Contra Paris, LLC, Sony Music Entertainment, party representatives, non-expert witnesses, members of the public, media, mock jurors, jury consultants, or any other person not authorized by Paragraph 3.1, absent written agreement of all parties or further order of the Court.

-3-

3.3 Before any Qualified Mental Health Professional, litigation-support vendor, or other non-attorney authorized person receives access to Covered Testing Materials, that person must sign the Acknowledgment attached as Exhibit A. Counsel of Record are bound by their signatures on this Stipulation and by the Court's Order.

**4. Use Limitations.**

4.1 Covered Testing Materials may be used solely for purposes of this Action, including expert analysis, expert rebuttal, deposition preparation, deposition questioning, Daubert or other expert-admissibility motions, discovery motions, settlement discussions, hearings, trial preparation, and trial, subject to this Order and any further order of the Court.

4.2 Covered Testing Materials shall not be used for any other case, evaluation, publication, presentation, teaching, training, professional program, test-preparation purpose, coaching, practice, research, media communication, social-media posting, website, database, or any other purpose.

4.3 No person who receives Covered Testing Materials may use them to teach, train, coach, or prepare any person for psychological, neuropsychological, or psychometric testing, or to disclose test items, stimuli, scoring keys, or test content outside this Action.

4.4 No person may upload Covered Testing Materials to any public website, social-media platform, publicly accessible cloud storage, generative artificial-intelligence tool, machine-learning tool, or any service that would permit access by persons not authorized under this Order.

**5. Copying, Storage, and Transmission.**

5.1 The Receiving Party shall maintain Covered Testing Materials in a secure manner reasonably designed to prevent unauthorized access, disclosure, copying, or dissemination.

5.2 Electronic transmission shall be by secure means, such as encrypted link,

-4-

STIPULATED AND AGREED
SUPPLEMENTAL PROTECTIVE ORDER

secure file-transfer system, password-protected file with separately transmitted password, or other secure method agreed by counsel.

5.3 No photographs, screenshots, slides, demonstratives, excerpts, or reproductions of Protected Test Materials may be created except as reasonably necessary for this Action and only by persons authorized under this Order.

5.4 Any copy, excerpt, summary, demonstrative, deposition exhibit, report, declaration, or filing that quotes, displays, reproduces, or substantively reveals Covered Testing Materials shall be designated "HIGHLY CONFIDENTIAL - TESTING MATERIALS" and shall be subject to this Order.

**6. Depositions and Expert Proceedings.**

6.1 Covered Testing Materials may be used at Dr. Vorwerk's deposition and at depositions of experts or consultants who have reviewed such materials, subject to this Order.

6.2 Any deposition exhibit containing or revealing Covered Testing Materials shall be marked "HIGHLY CONFIDENTIAL - TESTING MATERIALS" and shall be handled in accordance with this Order.

6.3 Any deposition testimony that quotes, describes, displays, or substantively reveals Covered Testing Materials shall be designated "HIGHLY CONFIDENTIAL - TESTING MATERIALS." The court reporter shall separately bind or otherwise designate those portions of the transcript and exhibits.

6.4 Any person attending a deposition at which Covered Testing Materials are shown or discussed must be authorized under this Order or must leave the deposition room or videoconference during that portion of the deposition.

**7. Court Filings, Hearings, and Trial.**

7.1 No party may file Covered Testing Materials, or any motion, brief, declaration, deposition excerpt, expert report, exhibit, demonstrative, or other filing quoting, reproducing, or revealing Protected Test Materials, on the public docket absent compliance with the applicable sealing procedures and any order of the Court.

-5-

7.2 Before presenting, displaying, quoting, publishing, or substantively describing Protected Test Materials in open court, at a public hearing, or at trial, the party seeking to use the materials must provide reasonable advance notice to all parties and request appropriate protection from the Court.

7.3 Nothing in this Order precludes use of non-test-secure score summaries, expert opinions, or testimony about the significance of scores, validity indices, or test results, provided that such use does not publicly reveal Protected Test Materials unless permitted by the Court.

**8. Unauthorized Disclosure.**

8.1 If a Receiving Party learns that Covered Testing Materials have been disclosed to any person or in any circumstance not authorized by this Order, the Receiving Party must immediately notify the Designating Party, use best efforts to retrieve the materials, inform the unauthorized recipient of this Order, and request that the unauthorized recipient execute Exhibit A and return or destroy the materials.

8.2 Any violation of this Order may be addressed by application to the Court and may subject the violator to sanctions, contempt, evidentiary relief, cost shifting, referral to disciplinary authorities, or any other relief the Court deems appropriate.

**9. Final Disposition.**

9.1 Within 60 days after final disposition of this Action, including any appeals, each Receiving Party shall return or destroy all Covered Testing Materials, including copies, excerpts, summaries, compilations, and duplicates, unless otherwise ordered by the Court.

9.2 Counsel may retain archival copies of pleadings, motion papers, deposition transcripts, expert reports, attorney work product, and correspondence to the extent permitted by the Stipulated Protective Order, provided such retained materials remain subject to this Order.

9.3 Upon written request, the Receiving Party shall certify compliance with this section, except as to permitted archival materials.

Case No. 2:24-cv-04639-SPG-PVC

STIPULATED AND AGREED
SUPPLEMENTAL PROTECTIVE ORDER

**10. Reservation of Rights and Further Relief.**

10.1 Nothing in this Order prevents any party or non-party from seeking modification, additional protection, broader access, further restriction, or relief from this Order upon good cause shown.

10.2 Nothing in this Order waives any party's right to object to relevance, admissibility, scope, privilege, work product, proportionality, use at deposition or trial, expert disclosure sufficiency, timeliness, or any other issue.

10.3 This Order supplements and does not replace the Stipulated Protective Order entered at Dkt. 65. In the event of a conflict, the more restrictive provision shall govern Covered Testing Materials.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

-7-

Case No. 2:24-cv-04639-SPG-PVC

STIPULATED AND AGREED
SUPPLEMENTAL PROTECTIVE ORDER

# ORDER

## PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 30, 2026

_____

HON. PEDRO V. CASTILLO
United States Magistrate Judge

-8-

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated and Agreed Supplemental Protective Order Governing Psychological Test Data and Test Materials of Dr. Michelle L. Vorwerk entered in Chanaaz Mangroe v. Terius Gesteelde-Diamant et al., Case No. 2:24-cv-04639-SPG-PVC.

I agree to comply with and to be bound by all terms of that Order. I understand that Covered Testing Materials are restricted materials and may be used only for this Action. I will not disclose Covered Testing Materials to any person except in strict compliance with the Order.

I agree that I will not use Covered Testing Materials for any other case, evaluation, publication, presentation, teaching, training, testing-preparation purpose, research, media communication, social-media posting, website, database, or other purpose.

I agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Order, even if enforcement proceedings occur after termination of this Action.

Date: _____

Printed Name: _____

Signature: _____

Firm / Employer: _____

Address: _____

Telephone: _____

Email: _____

-9-

Case No. 2:24-cv-04639-SPG-PVC

STIPULATED AND AGREED
SUPPLEMENTAL PROTECTIVE ORDER

## EXHIBIT B

### PLAINTIFF'S AUTHORIZATION AND LIMITED RELEASE OF TEST DATA AND TEST MATERIALS

I, Chanaaz Mangroe, authorize Dr. Michelle L. Vorwerk to release Covered Testing Materials, including Plaintiff-specific test data and protected test materials generated by or considered in connection with Dr. Vorwerk's forensic psychological evaluation, to my Counsel of Record and to any Qualified Mental Health Professional retained by my counsel in this Action, subject to the Stipulated and Agreed Supplemental Protective Order Governing Psychological Test Data and Test Materials of Dr. Michelle L. Vorwerk.

I understand that the materials may include raw scores, scaled scores, validity scores, item responses, score reports, protocols, scoring sheets, and other materials related to psychological testing. I understand that certain materials may also reveal protected or proprietary test content, and I agree that such materials shall be subject to the restrictions in the Supplemental Protective Order.

I do not authorize disclosure of Covered Testing Materials to me personally, to the public, to the media, or to any person other than those authorized by the Supplemental Protective Order. This authorization is limited to this Action and does not authorize use of the materials in any other proceeding or for any non-litigation purpose.


Date: _____

Printed Name: Chanaaz Mangroe

Signature: _____

-10-