**VENABLE LLP**
Desirée F. Moore (admitted *Pro Hac Vice*)
 dmoore@venable.com
Abram I. Moore (admitted *Pro Hac Vice*)
 amoore@venable.com
Nelson M. Hua (admitted *Pro Hac Vice*)
 nmhua@venable.com
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
Telephone:   312.820.3400
Facsimile:   312.820.3401

**VENABLE LLP**
Nicole N. King (SBN 290204)
 nnking@venable.com
Kaidyn P. McClure (SBN 352627)
kpmcclure@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:   310.229.9900
Facsimile:   310.229.9901

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAAZ MANGROE,<br><br>Plaintiff,<br><br>v.<br><br>TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; CONTRA PARIS, LLC; and SONY MUSIC ENTERTAINMENT,<br><br>Defendants. | Case No. 2:24-cv-04639-SPG-PVC<br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**DEFENDANTS TERIUS GESTEELDE-DIAMANT'S AND CONTRA PARIS, LLC'S EX PARTE APPLICATION FOR PERMISSION TO APPEAR REMOTELY AT JULY 8, 2026 HEARING ON PLAINTIFF'S EX PARTE APPLICATIONS [ECF 148, 153]**<br><br>[*Filed Concurrently with Declaration of Desirée Moore and [Proposed] Order*]<br><br>Date:       July 8, 2026<br>Time:       1:30 p.m.<br>Location:   Courtroom 5C<br><br>Action Filed:   June 4, 2024<br>Trial Date:     October 20, 2026 |

---

DEFENDANTS' *EX PARTE* APPLICATION
                                                     TO APPEAR REMOTELY AT JULY 8 HEARING

**TO THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT** Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (collectively, "Defendants") hereby apply *ex parte* for an order permitting Defendants' lead trial counsel, Abram Moore and Desirée Moore, to appear remotely at the upcoming hearing on Plaintiff Chanaaz Mangroe's *ex parte* applications (ECF Nos. 148 and 153).

This Application is made on an *ex parte* basis due to the extreme constraints involved: the Court's scheduling order setting the hearing was issued on July 6, 2026 (ECF No. 154)—the first business day following the Independence Day federal holiday—making it impossible for Defendants to comply with the Court's advance-notice requirements for requesting a remote appearance.

Defendants' counsel makes this request for good cause as counsel is inhibited from traveling to California on such short notice to appear in person at the hearing. Pursuant to Local Rule 7-19.1, on July 7, 2026, Defendants' counsel conferred via email with Plaintiff's counsel, Meredith Firetog and Jane Kim. Declaration of Desirée Moore (Moore Decl.) ¶ 4, and Plaintiff's counsel responded that they are not taking a position on this Application. *See id.*

Dated: July 7, 2026

**VENABLE LLP**

By: _/s/  Desirée F. Moore_
        Desirée F. Moore

*Attorneys for Defendants*
*Terius Gesteelde-Diamant p/k/a*
*"The-Dream" and Contra Paris, LLC*

- 1 -

DEFENDANTS' *EX PARTE* APPLICATION
TO APPEAR REMOTELY AT JULY 8 HEARING

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Memorandum is submitted in support of Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC's (collectively, "Defendants") *Ex Parte* Application for Permission to Appear Remotely at the hearing scheduled for July 8, 2026 at 1:30 p.m. Good cause exists for this requested relief because Defendants' lead counsel, Abram Moore and Desirée Moore, are located out of state and have a preexisting scheduling conflict that prevents in-person appearance on two days' notice. Additionally, compliance with the Court's normal advance-notice requirements for remote appearances was rendered impossible by the timing of the Court's scheduling notice and the intervening federal holiday. Defendants thus seek this *ex parte* relief at the earliest possible opportunity. For these reasons, Federal Rule of Civil Procedure 6(a)(1)(C) and good cause support granting this Application.

### II.    BACKGROUND

On July 6, 2026, this Court entered an Order setting an in-person hearing regarding Plaintiff's Ex Parte Application [ECF 148] and [ECF 153] for July 8, 2026 at 1:30 p.m.  *See* ECF 154.

Your Honor's judicial procedures require that all proceedings be held in person in Courtroom 5C, and to request permission to appear remotely, counsel must file a request along with a proposed order by the Friday before the scheduled hearing. Moore Decl. ¶ 3 The Friday preceding the July 8, 2026 hearing was Friday, July 3, 2026, a federal holiday in observance of Independence Day. *See id.*  The Court and Clerk's Office were closed. *See id.*

Lead Counsel for Defendants, Abram Moore and Desirée Moore, are currently located out of state and have a preexisting scheduling conflict. Given the short notice, an in-person appearance at the July 8, 2026 hearing is unworkable.

### III.   GOOD CAUSE EXISTS TO PERMIT DEFENDANTS' COUNSEL TO APPEAR REMOTELY

The Court requires parties seeking to appear remotely at hearings to request permission no later than the Friday before the hearing date. However, the Court did not issue its scheduling notice until July 6, 2026 (ECF No. 154), setting the hearing for just two days later. Thus, Defendants' counsel could not have requested to appear remotely any sooner than this Application. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the clerk's office is inaccessible on the last day for filing . . . then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.").

Good cause also exists because Defendants' lead counsel are located out of state and have a preexisting scheduling conflict that prevents an in-person appearance on two days' notice. This Application is made on an *ex parte* basis because the hearing is scheduled for July 8, 2026, and there is insufficient time to file and serve a noticed motion.

### IV.   NO PARTY IS PREJUDICED BY A REMOTE APPEARANCE

Granting this Application will cause no prejudice to any party. Pursuant to Local Rule 7-19, Defendants' counsel notified Plaintiff's counsel via email of this Application and its substance prior to filing, and Plaintiff is not taking a position. Moore Decl. ¶ 4. Moreover, the hearing will proceed as scheduled without delay, and the substance of the hearing will not be affected by Defendants' counsel's remote appearance.

### V.   *EX PARTE* RELIEF IS WARRANTED

*Ex parte* applications are highly disfavored when based on lack of diligence, a crisis of the applicant's own making, or an unwillingness to work through procedural issues with an opposing party. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Here, none of those circumstances apply. This Application does not arise from any lack of diligence or self-created crisis. Rather, the Court's scheduling

2

notice was issued on July 6, 2026, leaving only two days before the hearing, a timeline that rendered compliance with the Court's normal Friday-filing requirement impossible. Defendants' counsel acted with due diligence by filing this Application at the earliest possible opportunity. Moreover, consistent with the Court's guidance that parties should meet, confer, and resolve procedural issues, Defendants' counsel conferred with Plaintiff's counsel prior to filing. Because these circumstances are entirely outside Defendants' control and the parties have conferred, this Application is appropriately filed on an *ex parte* basis.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find good cause exists and grant this Application permitting Defendants' counsel to appear remotely at the July 8, 2026 hearing.

Dated:  July 7, 2026

**VENABLE LLP**

By:    /s/   *Desirée F. Moore*
         Desirée F. Moore

*Attorneys for Defendants*
*Terius Gesteelde-Diamant p/k/a*
*"The-Dream" and Contra Paris, LLC*

3

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1</u>

The undersigned, counsel of record for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (collectively, "Defendants") certifies that this application contains 894 words, including headings and footnotes and excluding this certificate of compliance and the sections enumerated by L.R. 11-6.1, which therefore complies with the word limit of L.R. 11-6.1.

Dated:  July 7, 2026

**VENABLE LLP**

By:  /s/  *Desirée F. Moore*
        Desirée F. Moore

*Attorneys for Defendants*
*Terius Gesteelde-Diamant p/k/a*
*"The-Dream" and Contra Paris, LLC*

4