UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | November 10, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART APPLICATION TO FILE SUMMARY JUDGMENT MATERIALS UNDER SEAL [ECF NO. 126]**

## I. Introduction

Before the Court is Plaintiff's Application to File Document Under Seal ("Application") (ECF No. 126) and supporting declarations. The Application requests that the Court seal and redact three categories of information that are referenced in the Motion for Summary Judgment and associated documents: Plaintiff's medical records; Plaintiff's joint bank statements with her mother; and certain explicit text messages sent by Plaintiff to Defendant Diamant. (Firetog Decl., ECF No. 129.) For the reasons stated below, the Court partially grants and partially denies the Application.

## II. Discussion

Generally, there is a strong presumption in favor of public access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The "right of access promotes the public interest in understanding the judicial process itself, and the bases or explanations for a court's decision." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (citation modified). Therefore, a party requesting to seal a judicial record on a dispositive motion must overcome this strong presumption in favor of public access by articulating "compelling reasons" for sealing that are sufficient to "outweigh the general history of public access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Compelling reasons exist when the court records could be used for "improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | November 10, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al. | | |

more, compel the court to seal its records." *Demaree v. Pederson*, 887 F.3d 870, 884–85 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

When ruling on a request for sealing, a court must balance the requesting party's and public's competing interests and, if compelling reasons have been shown for sealing, must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A. *Medical Records and Personal Financial Information*

Regarding Plaintiff's medical records and joint bank statements, Defendants do not oppose Plaintiff's request to file these two categories of records under seal. (Moore Decl. ¶ 6, ECF No. 127.) Moreover, courts have held that the need to protect a party's privacy interests in his or her medical records provides a compelling reason to seal such records that outweighs the public's interest in having access to them. *See, e.g.*, *Doe v. Signature Benefits Plan*, No. CV 24-2230, 2026 WL 562009, at *2 (C.D. Cal. Jan. 23, 2026) (finding that "[c]ourts have consistently held that shielding private medical information from public view constitutes a compelling reason to seal documents filed in a civil case" and collecting cases). Additionally, courts have held that sealing the personal, financial information of individuals in court records, especially the financial information of non-parties, serves a compelling interest in protecting their privacy interests from harm or identity theft. *See e.g., Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-CV-00051, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (holding compelling reasons existed to seal the various parties' customers' and third-parties' personal information, which included the customers' names and account numbers, to protect their privacy); *Richter v. Oracle Am., Inc.*, No. 22-CV-04795, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (finding compelling reasons to seal personal financial information and collecting cases). The information sought to be sealed in Plaintiff's medical records and joint bank statements similarly implicates compelling privacy interests that outweigh the public's interest in disclosure. For these reasons, the Court GRANTS Plaintiff's request to seal Plaintiff's medical records and joint bank statements.

B. *Sexually Explicit Text Messages*

Plaintiff requests to seal certain sexually explicit text messages that Plaintiff has highlighted in purple in the Motion for Summary Judgment and supporting materials. Plaintiff contends these text messages should be sealed because Defendants improperly seek to use them to attack Plaintiff's credibility, which is not a proper evidentiary purpose at the summary judgment stage, and Plaintiff's substantial privacy interests outweigh this improper use. (Firetog Decl. ¶¶ 8–9, ECF No. 129.) Defendants argue that sealing Plaintiff's sexually explicit text messages is improper because the text messages are relevant and probative of the issues on summary judgment, including the issues of consent and coercion, as well as the nature of

Plaintiff and Defendant Diamant's sexual relationship. Defendants further argue that Plaintiff quoted extensively in her Complaint from Plaintiff's and Defendant Diamant's text message communications and publicized the Complaint through various media resources. (Moore Decl. ¶ 13.) Thus, argue Defendants, Plaintiff should not be allowed to use the explicit text messages as both a sword and a shield. (*Id.* ¶ 12.)

The Court has reviewed each text message sought to be sealed and weighed the competing interests of Plaintiff in sealing each communication and the public in having access to it. From the Court's review of the text messages at issue, the Court acknowledges that all the messages are sexually explicit in nature and that both Plaintiff and Defendant Diamant have legitimate privacy interests in these communications. Although some of the more graphic text messages are gratuitous and could be used for the improper purposes set forth above, many of the text messages Plaintiff requests to have sealed are directly related to disputed facts and issues presented for consideration on summary judgment. As to these text messages, Plaintiff has not sufficiently shown that Defendants have cited to them "to gratify private spite" or harass her rather than for legitimate evidentiary purposes. Further, Plaintiff's potential embarrassment alone in these text messages remaining unsealed does not outweigh the public interest in having access to these text messages in the evidentiary record, especially given that Plaintiff frequently cited to her text message conversations with Defendant Diamant in her Complaint, confirming the relevance of the communications. Thus, because Plaintiff has shown compelling reasons exist to seal only some of the more graphic text messages that are the subject of Plaintiff's request, but not as to other messages that are central to the parties' summary judgment arguments, the Court GRANTS in part and DENIES in part Plaintiff's request as to the text messages as set forth in the table below. *See, e.g.*, *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593, 2024 WL 4931857, at *4 (S.D.N.Y. Dec. 2, 2024) (denying request to seal explicit texts that were relevant to the merits of the summary judgment motion and cited in the complaint); *cf. Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 503–04 (E.D. Tex. 2022) (denying the request to file under seal exhibits pertaining to the "sexually related" conduct at the center of the case); *Cline v. Reetz-Laiolo*, No. 3:17-CV-06866-WHO, 2018 WL 11608044, at *24 (N.D. Cal. Nov. 19, 2018) (granting a request to partially seal exhibits that included "explicit claims regarding the parties' sexual histories" where the request was narrowly tailored and justified); *Corbin v. Triborough Bridge & Tunnel Auth.*, No. 24-CV-1613, 2026 WL 2240726, at *29 (S.D.N.Y. Aug. 4, 2026) (granting the request to seal documents containing graphic descriptions of sexual encounters despite their relevance to the dispositive motions, as other evidence was sufficient to facilitate public understanding of the Court's reasoning).

## III. <u>Conclusion</u>

Accordingly, as to Plaintiff's medical records and joint bank statements, the Court GRANTS Plaintiff's request to seal these documents as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | November 10, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al. | | |

(1) Plaintiff is ORDERED to file the following documents under seal: Exhibits 174, 175, 176, 177, 178, and 179, (ECF No. 129-17).
(2) Plaintiff is ORDERED to file a copy of Exhibit 145, Part 1 (ECF No. 129-15) and Exhibit 145, Part 2 (ECF No. 129-16) that redacts the specific references highlighted by Plaintiff.

As to each of Plaintiff's sexually explicit text messages:
(1) Plaintiff is ORDERED to file a copy of the following documents and exhibits that redact the text message or portion of the text messages for which this Court has authorized redactions only, as set forth in the left-hand column of the table below.
(2) Plaintiff's request to redact all other text messages or portions thereof, as identified in the right-hand column of the table below, is DENIED.[1]

Plaintiff shall file all sealed filings, as well as the documents and exhibits authorized to be redacted, no later than fourteen (14) calendar days from the date of this order and in accordance with Central District of California Local Rule 79-5.2.2.

[1] All page numbers refer to the CM/ECF-generated page numbers appearing at the top of the filed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | November 10, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al. | | |

| REDACTED | NOT REDACTED |
|---|---|
| ECF No. 129-1 pg 47 fn 6, from “so much . . . leg” | ECF No. 129-1 pg 21 Line 21 |
| ECF No. 129-1 pg 48 fn 7 (first sentence line 18/19). | ECF No. 129-1 pg 23 Line 14 |
| ECF No. 129-2 JAF86 pg28–29 from “so much . . . leg” | ECF No. 129-1 pg 47 fn 6, everything after “leg,” starting with “Got me …” |
| ECF No. 129-2 JAF87 pg29 after “remember” | ECF No. 129-1 pg 47 fn 7, from “reminds me . . .” |
| ECF No. 129-3 Ex. 5 pg25 (both texts) | ECF No. 129-1 pg 48 fn 7 lines 20-21 |
| ECF No. 129-3 Ex. 6 pg38 | ECF No. 129-1 pg 48 fn 8 |
| ECF No. 129-3 Ex. 6 pg41 | ECF No. 129-2 JAF2 pg4 line 10 |
| ECF No. 129-3 Ex. 7 pg45 (texts 2 and 3) | ECF No. 129-2 JAF7 pg6 |
| ECF No. 129-3 Ex. 7 pg54 | ECF No. 129-2 JAF28 pg 11–12 |
| ECF No. 129-3 Ex. 11 pg69 | ECF No. 129-2 JAF86 pg28–29 everything after “leg,” starting with “Got me fallin….” |
| ECF No. 129-3 Ex. 12 pg74 | ECF No. 129-2 JAF87 pg29 from “reminds me . . . remember” |
| ECF No. 129-3 Ex. 14 pg87 (text 3) | ECF No. 129-2 JAF88 pg29 |
| ECF No. 129-3 Ex. 17 pg96 after “tonight” | ECF No. 129-2 JAF92 pg31 |
| ECF No. 129-4 Ex. 40 pg18 from “so much . . . leg” | ECF No. 129-2 JAF157 (objection) pg48 |
| ECF No. 129-4 Ex. 41 pg21 (texts 2 and 3) | ECF No. 129-3 Ex. 1 pg8 |
| ECF No. 129-4 Ex. 44 pg30 (all texts) | ECF No. 129-3 Ex. 3 pg20 |
| ECF No. 129-4 Ex. 44 pg31 (all texts) | ECF No. 129-3 Ex. 6 pg37 |
| ECF No. 129-4 Ex. 44 pg33 (text 1) | ECF No. 129-3 Ex. 6 pg39 |
| ECF No. 129-5 Ex. 79 pg54 | ECF No. 129-3 Ex. 6 pg40 |
| ECF No. 129-5 Ex. 80 pg56 from “so much . . . leg” | ECF No. 129-3 Ex. 7 pg43 |
| ECF No. 129-5 Ex. 81 pg58 | ECF No. 129-3 Ex. 7 pg44–45 (text split between 44 and 45) |
| ECF No. 129-5 Ex. 84 pg65 | ECF No. 129-3 Ex. 7 pg53 |
| ECF No. 129-5 Ex. 84 pg66 text 2, text 3 from “my . . . now” (first “now”) | ECF No. 129-3 Ex. 8 pg58 |
| ECF No. 129-5 Ex. 91 pg83 | ECF No. 129-3 Ex. 13 pg80 |
| ECF No. 129-5 Ex. 91 pg84 (all texts) | ECF No. 129-3 Ex. 14 pg87 (texts 1 and 2) |
| ECF No. 129-5 Ex. 91 pg86 (text 1) | ECF No. 129-3 Ex. 17 pg96 from “R u . . . tonight” |
| ECF No. 129-15 Ex. 143 pg9 text 2, text 3 from “my . . . now” (first “now”) | ECF No. 129-3 Ex. 25 pg152 |
| ECF No. 129-17 Ex. 194 pg356 (second text) | ECF No. 129-3 Ex. 25 pg154 |
| ECF No. 129-17 Ex. 194 pg357 | ECF No. 129-4 Ex. 40 pg18 after “leg,” starting with “Got me . . .” |
| ECF No. 129-17 Ex. 194 pg358 | ECF No. 129-4 Ex. 40 pg19 |
| ECF No. 129-17 Ex. 194 pg359 | ECF No. 129-4 Ex. 41 pg21 (text 1) |
| ECF No. 129-17 Ex. 196 pg367 (message 3) | ECF No. 129-4 Ex. 42 pg23 |
| ECF No. 129-17 Ex. 197 pg371 (message 3) | ECF No. 129-4 Ex. 44 pg29 (both texts) |
| ECF No. 129-17 Ex. 199 pg375 (all texts) | ECF No. 129-4 Ex. 44 pg33 (text 2) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04639-SPG-PVC | Date | November 10, 2026 |
| Title | Chanaaz Mangroe v. Terius Gesteelde-Diamant et al. | | |

| | |
|---|---|
| ECF No. 129-17 Ex. 199 pg376<br>ECF No. 129-17 Ex. 199 pg378 (text 1)<br>ECF No. 129-17 Ex. 199 pg381 | ECF No. 129-4 Ex. 57 pg74<br>ECF No. 129-5 Ex. 77 pg49<br>ECF No. 129-5 Ex. 80 pg56 after "leg," starting with "Got me . . ."<br>ECF No. 129-5 Ex. 84 pg66 text 1, text 3 after the first "now," starting with "I wish . . ."<br>ECF No. 129-5 Ex. 86 pg70<br>ECF No. 129-5 Ex. 86 pg71<br>ECF No. 129-5 Ex. 91 pg82 (both texts)<br>ECF No. 129-5 Ex. 91 pg86 (text 2)<br>ECF No. 129-5 Ex. 92 pg91 (both texts)<br>ECF No. 129-5 Ex. 93 pg93<br>ECF No. 129-5 Ex. 93 pg96<br>ECF No. 129-5 Ex. 94 pg105<br>ECF No. 129-15 Ex. 143 pg9 (text 1, text 3 after the first "now," starting with "I wish . . .")<br>ECF No. 129-17 Ex. 187 pg336<br>ECF No. 129-17 Ex. 194 pg356 (first text)<br>ECF No. 129-17 Ex. 194 pg360<br>ECF No. 129-17 Ex. 196 pg367 (message 1 and 2)<br>ECF No. 129-17 Ex. 197 pg371 (message 1 and 2)<br>ECF No. 129-17 Ex. 199 pg377 (both texts)<br>ECF No. 129-17 Ex. 199 pg378 (text 2)<br>ECF No. 129-17 Ex. 199 pg379<br>ECF No. 129-17 Ex. 200 pg384 |

___ : ___

Initials of Preparer pg