**VENABLE LLP**
Desirée F. Moore (admitted *Pro Hac Vice*)
*dmoore@venable.com*
Abram I. Moore (admitted *Pro Hac Vice*)
*amoore@venable.com*
Nelson M. Hua (admitted *Pro Hac Vice*)
*nmhua@venable.com*
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
Telephone: 312.820.3400
Facsimile: 312.820.3401

**VENABLE LLP**
Kaidyn P. McClure (SBN 352627)
*kpmcclure@venable.com*
2049 Century Park East, Suite 3400
Los Angeles, California 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHANAAZ MANGROE,

Plaintiff,

v.

TERIUS GESTEELDE-DIAMANT p/k/a "THE-DREAM"; CONTRA PARIS, LLC; and SONY MUSIC ENTERTAINMENT,

Defendants.

Case No. 2:24-cv-04639-SPG-PVC

Hon. Sherilyn Peace Garnett
Courtroom 5C

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, PARTIAL RECONSIDERATION OF THE COURT'S NOVEMBER 10, 2026 ORDER ON SUMMARY**

**JUDGMENT (ECF NO. 161); MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Declaration of Abram I. Moore; [Proposed] Order]

Hearing Date: January 6, 2027
Time: 1:30 p.m.
Courtroom: 5C

Action Filed: June 4, 2024
Trial Date: [To be confirmed]

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2027, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5C at the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, before the Honorable Sherilyn Peace Garnett, Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC (together, "Defendants") will and hereby do move the Court for an order clarifying or, in the alternative, partially reconsidering its November 10, 2026 Order Granting, in Part, and Denying, in Part, Defendants' Motion for Summary Judgment (ECF No. 161) (the "Order"), as it relates to Plaintiff Chanaaz Mangroe's second cause of action for civil sexual assault ("Count II").

Defendants respectfully request an order (1) clarifying that paragraph 3 of the Order's Conclusion, which denies summary judgment on Plaintiff's "sexual battery claim under Cal. Penal Code § 243.4(c)," does not preserve any theory under § 243.4(c), consistent with paragraph 2 of the Conclusion, which grants summary judgment on Plaintiff's fraudulent-inducement theory; (2) identifying the specific subdivision of § 243.4, the act or acts, and the elements, if any, on which Plaintiff may proceed to trial; and (3) correcting the reference to "California Code of Civil Procedure § 340.15" on page 34 of the Order to read "§ 340.16." In the alternative, if the clarified Order preserves a theory under a subdivision of § 243.4 other than subdivision (c), Defendants request that the Court partially reconsider the Order and grant summary judgment in Defendants' favor on Count II in its entirety, because neither of the two acts to which the Order confined Count II falls within any subdivision of § 243.4 as it existed in February 2015.

This motion is made under Federal Rules of Civil Procedure 54(b) and 60(a), the Court's inherent authority to reconsider, rescind, or modify its interlocutory orders, and Local Rule 7-18. It is timely because it is filed within 14 days after entry of the Order. C.D. Cal. L.R. 7-18.

This motion is made following the conference of counsel pursuant to Local

Rule 7-3, which took place by videoconference on November 18, 2026. The parties thoroughly discussed the substance and potential resolution of the filed motion. The parties were unable to resolve the issues presented. *See* Declaration of Abram I. Moore ¶¶ 3–5.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Abram I. Moore, the Order, the parties' Joint Brief and supporting Joint Appendices of Facts, Evidence, and Objections (ECF Nos. 127-1 through 127-11), the pleadings and records on file in this action, and such further evidence and argument as may be presented at or before the hearing.

Dated: November 24, 2026

**VENABLE LLP**

By: *<u>/s/ Desirée F. Moore</u>*
Abram I. Moore
Desirée F. Moore
Nelson M. Hua

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. BACKGROUND ..... 1
A. The Summary Judgment Briefing on Count II ..... 1
B. The Order ..... 2
C. Plaintiff's Testimony About the Two Acts ..... 2
III. LEGAL STANDARD ..... 3
IV. ARGUMENT ..... 3
A. The Court Should Clarify Paragraph 3 of the Conclusion ..... 3
1. Paragraph 3 preserves the subdivision that paragraph 2 rejects ..... 3
2. The Court should identify the subdivision, act, and elements that remain ..... 4
3. The Court should correct the reference to § 340.15 ..... 5
B. If Paragraph 3 Preserves a Theory Under Another Subdivision, the Court Should Partially Reconsider ..... 5
1. The hand-placement act could fall only under subdivision (d), and there is no evidence of restraint when it occurred ..... 5
2. Subdivision (h) does not displace subdivision (g)(2) ..... 6
V. CONCLUSION ..... 8

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Los Angeles v. Santa Monica BayKeeper*,
254 F.3d 882 (9th Cir. 2001) ..... 3, 4

*Garamendi v. Hénin*,
683 F.3d 1069 (9th Cir. 2012) ..... 3, 4, 5

*In re John Z.*,
29 Cal. 4th 756 (2003) ..... 7

*In re Keith T.*,
156 Cal. App. 3d 983 (1984) ..... 2, 7

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ..... 3

*People v. Arnold*,
6 Cal. App. 4th 18 (1992) ..... 6

*People v. Ortega*,
240 Cal. App. 4th 956 (2015) ..... 2, 7

*People v. Pahl*,
226 Cal. App. 3d 1651 (1991) ..... 6

*People v. Smith*,
191 Cal. App. 4th 199 (2010) ..... 5

**Statutes**

Cal. Penal Code § 3 ..... 5

Cal. Penal Code § 243.4(a) ..... 4

Cal. Penal Code § 243.4(b) ..... 4

Cal. Penal Code § 243.4(c) ..... 1, 2, 4, 8

Cal. Penal Code § 243.4(d) ..... 4, 6

Cal. Penal Code § 243.4(g)(2) ..... 1, 7

Cal. Penal Code § 243.4(h) .......... 7

Cal. Penal Code § 261(a)(4)(D) .......... 1, 2

California Code of Civil Procedure § 340.15 .......... 1, 5, 8

California Code of Civil Procedure § 340.16 .......... 1, 5, 8

**Other Authorities**

Fed. R. Civ. P. 54(b) .......... 3

Fed. R. Civ. P. 60(a) .......... 3, 4, 5

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion asks the Court principally to clarify one paragraph of its November 10, 2026 Order. Paragraph 2 of the Conclusion grants summary judgment on Count II to the extent it rests on Plaintiff's fraudulent-inducement theory. That is the theory the Order held common to California Penal Code § 261(a)(4)(D) and § 243.4(c). *See* ECF No. 161 ("Order") at 36–38, 41. Paragraph 3 then denies summary judgment on Plaintiff's "sexual battery claim under Cal. Penal Code § 243.4(c)." *Id.* at 41. The two paragraphs cannot both be given effect as written. The Order does not identify any other subdivision of § 243.4 that it intended to preserve, and it notes that Plaintiff made no legal argument under subdivisions (a), (b), or (d). *Id.* at 40.

Defendants therefore ask the Court to conform paragraph 3 to paragraph 2 and to state which subdivision, which act, and which elements remain for trial, if any. Defendants also ask the Court to correct a clerical reference to § 340.15. Only if the clarified Order preserves a theory under some other subdivision do Defendants ask for partial reconsideration. That request is limited to two statutory points the Order did not address: the 2015 statute reached the alleged hand-placement act only through subdivision (d), which requires restraint at the time of the touching; and subdivision (h) does not displace the exclusion of § 261 conduct in subdivision (g)(2).

## II. BACKGROUND

### A. The Summary Judgment Briefing on Count II

Count II consolidates the sexual battery and rape claims Plaintiff originally pleaded separately. Order at 13–14. Defendants argued that Plaintiff could not establish either pleaded predicate offense, so that California Code of Civil Procedure § 340.16 did not revive the claim. ECF No. 127-1 ("Brief") at 62–66. As to § 243.4, Defendants argued that § 243.4(g)(2) excludes the alleged ejaculation during intercourse because that conduct is governed by § 261. *Id.* at 63–64. Plaintiff




VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

acknowledged that the Second Amended Complaint ("SAC") "specifically noted Section 243.4 (sexual battery) and Section 261(a)(4)(D) (sex for a professional purpose)." *Id.* at 67. She relied on three facts: that she believed sex served a professional purpose; that Mr. Gesteelde-Diamant placed her hands on his genitals (JAF 148–49); and that he ejaculated inside her after she asked him not to (JAF 108). *Id.* at 66–67. She did not identify the subdivision of § 243.4 that either physical act violated. *See id.*; Order at 40.

**B. The Order**

The Order held that Count II "is limited to the statutes enumerated in the SAC," namely § 243.4 and § 261(a)(4)(D). Order at 34–35. It held that the revived claim reaches only two alleged acts in February 2015: the hand placement and the ejaculation. *Id.* at 35–36. It treated § 243.4(c) and § 261(a)(4)(D) together as fraudulent-inducement provisions and granted summary judgment "insofar as [Count II] is based on Plaintiff's fraudulent inducement theory of liability." *Id.* at 36–38.

Turning to Plaintiff's "remaining theories," the Order listed subdivisions (a) through (d) and (f) of § 243.4 and rejected Defendants' subdivision (g)(2) argument based on subdivision (h), *In re Keith T.*, 156 Cal. App. 3d 983 (1984), and *People v. Ortega*, 240 Cal. App. 4th 956 (2015). Order at 38–40. It then denied summary judgment on "Plaintiff's theory of liability for sexual battery based on Cal. Penal Code § 243.4(c)." *Id.* at 41. Paragraph 3 of the Conclusion repeats that formulation immediately after paragraph 2 grants summary judgment on the fraudulent-inducement theory. *Id.*

**C. Plaintiff's Testimony About the Two Acts**

Plaintiff testified that on February 4, 2015, Mr. Gesteelde-Diamant led her by the hand into a dark room in the house attached to the Los Angeles studio, closed the door behind her, and placed her hand on his genitals. ECF No. 127-5, Ex. 110 ("Mangroe Dep. 2") at 382:4–15; JAF 148–49. In the intercourse that followed, she

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

testified that he left the room to return to the studio and would lock the door. Mangroe Dep. 2 at 400:12–401:23, 404:23–405:11; *see* Order at 5. As to the second act, she testified that during a later intercourse incident she placed her hands over her genitals to prevent him from ejaculating inside her, that he removed her hands "one by one," and that the intercourse continued for "[a] minute; less" before he ejaculated. Mangroe Dep. 2 at 424:21–425:11, 428:24–432:12. Mr. Gesteelde-Diamant denies both acts. ECF No. 127-10, Ex. 209 ("Diamant Decl.") ¶¶ 5–7.

## III. LEGAL STANDARD

Rule 60(a) authorizes the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The rule permits corrections "limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course," and its "touchstone is fidelity to the intent behind the original judgment." *Garamendi v. Hénin*, 683 F.3d 1069, 1077–78 (9th Cir. 2012). The Court also has "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citation omitted); *see* Fed. R. Civ. P. 54(b).

Reconsideration under Local Rule 7-18 is available on, among other grounds, "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered," and a motion may not repeat arguments made on the original motion. C.D. Cal. L.R. 7-18. Reconsideration is also appropriate where the Court "committed clear error." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

## IV. ARGUMENT

### A. The Court Should Clarify Paragraph 3 of the Conclusion

#### 1. Paragraph 3 preserves the subdivision that paragraph 2 rejects

Subdivision (c) applies only where "the victim is at the time unconscious of

the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose." Cal. Penal Code § 243.4(c). The Order quoted that language, held that subdivision (c) and § 261(a)(4)(D) both address fraudulently induced consent, and held that Plaintiff could not show she was unaware of the sexual nature of the conduct. Order at 36–38. On that holding, no subdivision (c) claim remains. Paragraph 3 nonetheless denies summary judgment on the claim "under Cal. Penal Code § 243.4(c)." *Id.* at 41.

The structure of the Order suggests the Court meant paragraph 3 to preserve something other than subdivision (c). The discussion that precedes the denial addresses Plaintiff's "remaining theories" after the fraudulent-inducement theory was rejected. Order at 38–39. Defendants therefore ask the Court, under Rule 60(a) and its inherent authority, to conform paragraph 3 to paragraph 2 so that it reflects the Court's holding. *See Garamendi*, 683 F.3d at 1077–80; *Santa Monica BayKeeper*, 254 F.3d at 885. This request asks the Court only to state what it decided. It does not ask the Court to change course.

2. <u>The Court should identify the subdivision, act, and elements that remain</u>

Clarification is also needed to try the claim. Each subdivision of § 243.4 has different elements. In February 2015, subdivisions (a) and (d) required unlawful restraint; subdivision (b) required that the victim be institutionalized for medical treatment; subdivision (c) required professional-purpose fraud; and subdivision (e)(1) was a misdemeanor provision with its own definition of "touches." Cal. Penal Code § 243.4(a)–(e).[1] The Order notes that Plaintiff presented no legal argument under subdivisions (a), (b), or (d), and it does not mention subdivision (e). Order at

[1]This motion cites the subdivisions of § 243.4 as they existed in February 2015, which is also how the Order designates them. Before 2015, the statute was last amended by Stats. 2002, ch. 302. It has since been amended by Stats. 2022, ch. 48; Stats. 2024, ch. 981 (SB 442); Stats. 2025, ch. 625 (AB 848); and Stats. 2026, ch. 374 (AB 1741). The later amendments added and re-lettered certain subdivisions.



VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

40. Without knowing which subdivision applies to which act, the parties cannot prepare jury instructions, a verdict form, or motions in limine directed to Count II. Defendants therefore request that the Court identify the specific subdivision of § 243.4 on which Plaintiff may proceed, the act or acts to which it applies, and the elements the jury must find, including whether unlawful restraint is required and when it must exist.

3. The Court should correct the reference to § 340.15

In one sentence, the Order states that "California Code of Civil Procedure § 340.15 revives Plaintiff's claims." Order at 34. The surrounding discussion and the parties' briefing concern § 340.16. *Id.* at 33–36; Brief at 62–67. Defendants ask the Court to correct the reference under Rule 60(a). *See Garamendi*, 683 F.3d at 1077.

**B. If Paragraph 3 Preserves a Theory Under Another Subdivision, the Court Should Partially Reconsider**

Defendants do not ask the Court to revisit its rulings on the fraudulent-inducement theory, the statute of limitations, or the pleading limitation. If the clarified Order preserves a theory under a subdivision other than (c), Defendants ask the Court to consider two statutory points the Order did not address. Each is dispositive of one of the two acts.

1. The hand-placement act could fall only under subdivision (d), and there is no evidence of restraint when it occurred

The § 243.4 offense must be measured by the statute in force in February 2015. *See* Cal. Penal Code § 3. At that time, subdivisions (a), (b), (c), and (e)(1) each applied to a person who "touches an intimate part of another person." *See People v. Smith*, 191 Cal. App. 4th 199, 206–07 (2010) (quoting § 243.4(e)(1)). The alleged hand-placement act is not such a touching. Plaintiff testified that Mr. Gesteelde-Diamant caused her to touch **his** intimate parts. Mangroe Dep. 2 at 382:4–15. The only subdivision that then reached a defendant who causes another to touch an intimate part was subdivision (d), which applies only if the other person is

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

"unlawfully restrained either by the accused or an accomplice" or institutionalized. Cal. Penal Code § 243.4(d). The Legislature did not extend the misdemeanor provision to a defendant who "causes another, against that person's will, to masturbate or touch an intimate part" until Senate Bill 442 took effect on January 1, 2025. Stats. 2024, ch. 981, § 1 (SB 442). The Legislative Counsel's Digest describes that change as "creating a new crime." Legis. Counsel's Dig., SB 442 (2023–2024 Reg. Sess.).

Subdivision (d) requires restraint at the time of the touching. Unlawful restraint "is something more than the exertion of physical effort required to commit the prohibited sexual act." *People v. Pahl*, 226 Cal. App. 3d 1651, 1661 (1991). It exists when a person's "liberty is being controlled by words, acts or authority of the perpetrator aimed at depriving the person's liberty," against the person's will. *People v. Arnold*, 6 Cal. App. 4th 18, 28 (1992). In *Arnold*, the court reversed one conviction because there was no showing that, "at the time defendant" touched the victim, "her submission was unwilling and compelled by defendant's words, acts or authority." *Id.* at 29. It affirmed another where the defendant barricaded the door, isolated the victim, knew she was afraid, and used his authority as her teacher to call her to him. *Id.* at 31.

Plaintiff's testimony supplies nothing comparable for the moment of the alleged hand placement. She testified that Mr. Gesteelde-Diamant led her into a room, closed the door, and placed her hand on his genitals. Mangroe Dep. 2 at 382:4–15. Her testimony about a lock concerns later events, when he left the room during the intercourse that followed. *Id.* at 400:12–401:23, 404:23–405:11. The Order recites the locking testimony (Order at 5) but does not address its timing, which is material to the only subdivision that could apply. *See* C.D. Cal. L.R. 7-18.

2. <u>Subdivision (h) does not displace subdivision (g)(2)</u>

The Order addressed Defendants' subdivision (g)(2) argument as though it were directed to the hand-placement act. Order at 36. But, Defendants directed that





VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

argument to the ejaculation act. Brief at 63–64. That act, as Plaintiff describes it, is continuing sexual intercourse that ended in ejaculation. Mangroe Dep. 2 at 428:24–432:12. If consent was withdrawn and intercourse forcibly continued, that is rape under § 261. *In re John Z.*, 29 Cal. 4th 756, 760 (2003). By statute, "'[s]exual battery' does not include the crimes defined in Section 261 or 289." Cal. Penal Code § 243.4(g)(2).

Subdivision (h) provides that § 243.4 "does not limit or prevent prosecution under any other law which also proscribes a course of conduct that also is proscribed by this section." Cal. Penal Code § 243.4(h). That is a savings clause. It preserves prosecution under **other statutes** for conduct that § 243.4 also proscribes. It does not bring within "sexual battery" conduct that subdivision (g)(2) removes from it. Reading subdivision (h) to override subdivision (g)(2) would leave (g)(2) without effect, contrary to the rule that courts "give meaning to every word of a statute if possible." *Ortega*, 240 Cal. App. 4th at 966 (citation omitted). Neither party's briefing addressed subdivision (h), so the Court did not have the benefit of argument on its relationship to subdivision (g)(2).

Neither *Keith T.* nor *Ortega* holds that a completed act of intercourse may be a sexual battery. The legislative report quoted in *Keith T.* illustrates overlap between sexual battery and **attempted** rape with a defendant "groping the victim's sexual organ when he was stopped and arrested." 156 Cal. App. 3d at 986–87. *Ortega* described the sexual battery there as "a genital touching short of penetration." 240 Cal. App. 4th at 972. Plaintiff identified no touching short of intercourse in connection with this act, and Mr. Gesteelde-Diamant denies the act altogether. Brief at 66–67; Diamant Decl. ¶ 7. On either account, the record presents no triable question whether the act was a touching rather than intercourse. The predicate that would fit Plaintiff's account, forcible rape under § 261(a)(2), is not pleaded, and the Order limited Count II to § 243.4 and § 261(a)(4)(D). Order at 34–35.

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

## V. CONCLUSION

Defendants respectfully request that the Court (1) clarify that paragraph 3 of the Order's Conclusion does not preserve any theory under § 243.4(c), consistent with paragraph 2; (2) identify the subdivision of § 243.4, the act or acts, and the elements, if any, on which Plaintiff may proceed to trial; and (3) correct the reference to "§ 340.15" on page 34 of the Order to read "§ 340.16." If the clarified Order preserves a theory under a subdivision other than (c), Defendants further request that the Court partially reconsider the Order and enter summary judgment in Defendants' favor on Count II in its entirety.

Dated: November 24, 2026

**VENABLE LLP**

By: */s/ Desirée F. Moore*
Abram I. Moore
Desirée F. Moore
Nelson M. Hua

*Attorneys for Defendants Terius Gesteelde-Diamant p/k/a "The-Dream" and Contra Paris, LLC*

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

VENABLE LLP
3 PARK PLAZA, SUITE 1550
IRVINE, CA 92614
714.439.5200

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Terius Gesteelde-Diamant and Contra Paris, LLC, certifies that this brief contains 2,559 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 24, 2026

*/s/ Desirée F. Moore*
Desirée F. Moore